No. 48,537

CHARLES B. JENKINS, *Appellee,* v. KENNY ARNOLD, *Appellant.*

(573 P 2d 1013)

Opinion filed January 21, 1978.

*Jack Shelton,* of Lenexa, was on the brief for the appellant.

*James L. Wisler,* of Hill and Wisler, of Mound City, was on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an action brought by a landlord to recover rental payments from a tenant. The defendant failed to file an answer within the time allowed. The plaintiff took a default judgment for the total amount of his claim. This appeal is from the refusal of the trial court to set aside the default judgment.

The facts in the case are undisputed. On September 18, 1975, the plaintiff Jenkins filed a petition against the defendant Arnold seeking to recover judgment in the amount of $1,764.35. The petition alleged that the defendant had taken possession of a mobile home as plaintiff's tenant and had agreed to pay monthly rent plus the electric and propane gas bills. Defendant continued in possession of the mobile home until July of 1975. The total rental obligation owed by the defendant was $2,000 plus electric and propane gas bills amounting to $569.51. The petition alleged payments by the defendant of $805.16, leaving a balance of $1,764.35 due and owing. The defendant was served with summons on September 19, 1975. The defendant's answer day was October 9, 1975. No answer was filed. On October 16, 1975, the plaintiff filed a motion for default judgment and judgment was entered on that day. On October 20, 1975, the defendant filed a motion to set aside the default judgment under K.S.A. 60-260(*b*) on the grounds of excusable neglect. On October 30, 1975, a hearing was held on the defendant's motion. Following that hearing a journal entry was filed on November 6, 1975, denying

the defendant's motion to set aside the default judgment. The defendant took a timely appeal.

The sole issue presented on the appeal is whether the district court abused its discretion in denying the defendant's motion to set aside the default judgment. Before determining the issue, it would be helpful to consider some of the basic principles to be followed where a motion is filed to set aside a default judgment under K.S.A. 60-260(b). These principles are set forth and dicussed in some detail in *Tyler v. Cowen Construction, Inc.,* 216 Kan. 401, 532 P.2d 1276; *Montez v. Tonkawa Village Apartments,* 215 Kan. 59, 523 P.2d 351; and *Reliance Insurance Companies v. Thompson-Hayward Chemical Co.,* 214 Kan. 110, 519 P.2d 730. They are as follows:

(1) The granting of relief from a default judgment under K.S.A. 60-260(b) rests in the sound discretion of the district court. (*Reliance* and *Montez.*)

(2) The exercise of judicial discretion requires that a judge have due regard for what is just and fair under existing circumstances and that he not act in an arbitrary, fanciful, or unreasonable manner. (*Reliance* and *Tyler.*)

(3) While there is a need to achieve finality in litigation, judicial discretion must not achieve that end in disregard of "what is right and equitable under the circumstances." (*Montez.*)

(4) Defaults are not favored in law but become necessary when the inaction of a party frustrates the orderly administration of justice. (*Reliance* and *Montez.*)

(5) In determining whether to set aside a default judgment, a court should resolve any doubt in favor of the motion so that cases may be decided on their merits. (*Montez.*)

(6) A litigant should not be unnecessarily penalized for the simple neglect of his agent or counsel. (*Montez.*)

(7) "Inexcusable neglect" is closely akin to "reckless indifference." It implies something more than the unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind. (*Montez.*)

(8) "Excusable neglect" as used in K.S.A. 60-260(b) is not susceptible to clear definition. What constitutes excusable neglect under the statute must be determined on a case by case basis under the facts presented. (*Reliance, Tyler,* and *Boyce v. Boyce,* 206 Kan. 53, 476 P.2d 625.)

(9)   A motion to set aside a default judgment may be granted whenever the court finds:

(a)   That the nondefaulting party will not be prejudiced by the reopening;

(b)   That the defaulting party has a meritorious defense; and

(c)   That the default was not the result of inexcusable neglect or a willful act. (*Montez.*)

(10) In *Reliance* at page 117, the opinion cites 10 Wright and Miller, Federal Practice and Procedure, § 2685, and suggests the following factors to be considered in determining whether a default judgment should be entered:

(a)   The amount of money potentially involved;

(b)   Whether material issues of fact or issues of substantial public importance are at issue;

(c)   Whether the default is largely technical;

(d)   Whether plaintiff has been substantially prejudiced by the delay involved; and

(e)   Whether the grounds for default are clearly established or in doubt.

(11) Where one of several defendants who is alleged to be jointly and severally liable defaults, judgment should not be entered against him until the matter has been adjudicated with respect to all defendants or all defendants have defaulted. (*Reliance.*)

At the hearing on October 30, 1975, the defendant's counsel explained the reason for the answer not being filed on time. He stated that when defendant first appeared in his office on October 9th, the last day of the answer period, counsel miscounted and thought that he could answer as late as October 17, 1975. When counsel attempted to file the answer on October 17, 1975, he then learned that on the previous day a default judgment had been taken and an order of garnishment had been issued. Counsel further argued to the court that the plaintiff would not be prejudiced by setting aside the default judgment. The statements made by counsel were not refuted. We are inclined to agree with counsel that a proper showing was made that the default was not the result of "inexcusable neglect" as defined in *Montez.* The failure of counsel to answer would appear to be that type of excusable inadvertence or neglect common to all who share the ordinary frailties of mankind.

The trouble with the defendant's position is that, at the hearing on the motion to set aside the default judgment, he failed to show that he had a meritorious defense to the action as required by our decision in *Montez*. In the defendant's brief on appeal the statement is made that at the hearing the court asked what the nature of the defense was and was advised that at least part of the money sought by the defendant had been paid. The record discloses that the motion filed to set aside the default judgment does not allege that the defendant has a meritorious defense. At the hearing held on October 30, 1975, counsel for the defendant stated, "In this case the defendant does have a defense." No specific defense was stated by defendant's counsel, nor did counsel for the defendant come forward with a statement of the evidence on which the defendant intended to rely. The controversy between the plaintiff and defendant was simple in nature. Apparently the defendant had rented the plaintiff's mobile home and had agreed to pay rent along with the electric and propane gas bills. Plaintiff acknowledged payments in the amount of $809.16 for which defendant was given credit. If defendant had evidence to show additional payments, he had an obligation to disclose defendant's receipts or cancelled checks or at least a specific statement as to when and where the payments were made. This the defendant failed to do.

Under the circumstances the district court might well have concluded that there was no meritorious defense to the plaintiff's claim and that the defendant sought to set aside the default judgment only for the purpose of delaying the collection of a just debt. We cannot say that the district court abused its discretion in refusing to set aside the default judgment on motion of the defendant.

The judgment is affirmed.