(277 P.3d 1150)
No. 106,178

FIRST MANAGEMENT, INC., *Appellee*, v. TOPEKA INVESTMENT
GROUP, LLC, *Appellant.*

—

Opinion filed March 30, 2012.

*Brenda L. Head* and *Randall J. Forbes*, of Frieden, Unrein & Forbes, LLP, of Topeka, for appellant.

*Heather F. Shore*, of Brown & Ruprecht, PC, of Kansas City, Missouri, for appellee.

Before GREENE, C.J., PIERRON and MARQUARDT, JJ.

MARQUARDT, J.: Topeka Investment Group, LLC, appeals the judgment granted to First Management, Inc. for plumbing services First Management provided on a Holiday Inn Express owned by Topeka Investment. We affirm.

First Management substantially completed plumbing related work at a Holiday Inn Express for Topeka Investment on June 14, 2010. On September 23, 2010, First Management demanded payment from Topeka Investment. Topeka Investment then requested some minor "punch list" work. First Management completed the "punch list" work and again demanded payment on October 13, 2010. Topeka Investment refused to pay First Management.

On December 6, 2010, First Management filed a petition against Topeka Investment for "$22,583.67 together with pre- and post-

judgment interest, costs; and for such further additional relief as the Court deems just and proper," claiming unjust enrichment and promissory estoppel. A process server appointed by the district court served the desk clerk at the Holiday Inn Express with the summons and petition on December 11, 2010. Topeka Investment did not file an answer to the petition, and on January 7, 2011, First Management filed a motion for default judgment. A copy of the motion was mailed to Topeka Investment's registered agent, Madan Rattan, at the Holiday Inn Express address of 601 NW Highway 24, Topeka, Kansas, 66608.

On February 9, 2011, the district court granted judgment to First Management for the principal amount requested of $22,583.67, plus $319.38 prejudgment interest.

On March 15, 2011, Topeka Investment filed a motion to set aside the judgment, claiming that the service of process was not proper, and thus, the district court did not have jurisdiction to enter a judgment against it. The district court denied the motion, determining that service was proper. Topeka Investment timely appeals.

## SERVICE OF PROCESS

Topeka Investment argues the district court erred when it determined that service was proper under K.S.A. 2010 Supp. 60-304(e). The interpretation of a statute is a question of law over which this court has unlimited review. *Owen Lumber Co. v. Chartrand*, 283 Kan. 911, 915, 157 P.3d 1109 (2007).

When interpreting a statute, this court must "ascertain the legislature's intent through the statutory language it employs, giving ordinary words their ordinary meaning." *State v. Stallings*, 284 Kan. 741, 742, 163 P.3d 1232 (2007). The fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Bergstrom v. Spears Manufacturing Co.*, 289 Kan. 605, 607, 214 P.3d 676 (2009). When a statute is plain and unambiguous, the court will not read into the statute something not readily found in it. *Double M Constr. v. Kansas Corporation Comm'n*, 288 Kan. 268, 271, 202 P.3d 7 (2009).

Proper service of process is an essential before a court may exert personal jurisdiction over a litigant in a lawsuit. *In re Estate of*

*Pritchard,* 37 Kan. App. 2d 260, 270, 154 P.3d 24 (2007). "Service of process is a method of formally commencing an action by giving the defendant notice of the action. The person named as defendant normally does not become a party to the action until served with the summons. . . . The court obtains jurisdiction of the defendant through service of process." *In re Marriage of Welliver,* 254 Kan. 801, 803, 869 P.2d 653 (1994).

Service of process provides notice of the lawsuit. Notice satisfies the constitutional considerations of due process. Procedural due process requires "notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Alliance Mortgage Co. v. Pastine,* 281 Kan. 1266, 1275, 136 P.3d 457 (2006).

Jurisdiction over the defendant is acquired by issuance and service of process in the manner prescribed by statute. *Kansas Bd. of Regents v. Skinner,* 267 Kan. 808, 812, 987 P.2d 1096 (1999). Both personal and subject matter jurisdiction must be present to establish jurisdiction. *Davila v. Vanderberg,* 4 Kan. App. 2d 586, 588, 608 P.2d 1388 (1980).

If a district court lacks jurisdiction, an appellate court does not acquire jurisdiction on appeal. *Harsch v. Miller,* 288 Kan. 280, 200 P.3d 467 (2009). Without jurisdiction, a default judgment is void. "A void judgment is one rendered by a court which lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process. [Citations omitted.] . . . A void judgment is a nullity and may be vacated at any time. [Citation omitted.]." *In re Marriage of Hampshire,* 261 Kan. 854, 862, 934 P.2d 58 (1997).

Under K.S.A. 2010 Supp. 60-304(e), services of process on a domestic limited liability company, like Topeka Investment, can be made by:

"(1) Serving an officer, manager, partner or a resident, managing or general agent;

"(2) leaving a copy of the summons and petition or other document *at any of its business offices with the person having charge thereof*; or

"(3) serving any agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." (Emphasis added.)

"Substantial compliance with any method of serving process effects valid service of process if the court finds that, notwithstanding some irregularity or omission,

the party served was made aware that an action or proceeding was pending in a specified court that might affect the party or the party's status or property." K.S.A. 2010 Supp. 60-204.

A panel of this court has held that substantial compliance means compliance with respect to the essential matters necessary to assure every reasonable objective of the statute. *Fisher v. De-Carvalho,* 45 Kan. App. 2d 1133, 1147, 260 P.3d 1218 (2011). Under Kansas law, both substantial compliance with the statutory requirements of service and awareness of the pending action are all that is required. *Sellens v. Telephone Credit Union,* 189 F.R.D. 461, 464 (D. Kan. 1999).

On appeal, Topeka Investment argues that First Management did not properly serve it with the summons and petition. First Management argues, and the district court agreed, that Topeka Investment was properly served through K.S.A. 2010 Supp. 60-304(e)(2), by leaving a copy at any of Topeka Investment's business offices "with the person having charge thereof."

On December 11, 2010, First Management, through Hatfield Process Service, served the petition and summons on Laura Petrie, front desk clerk at the Holiday Inn Express at 601 NW Highway 24, Topeka, Kansas, 66608. Holiday Inn Express is located at this address; its business is legally classified as "Topeka Investment Group, LLC, doing business as Holiday Inn Express & Suites." Topeka Investment owns the real property and the Holiday Inn Express franchise license for the hotel operating at this address. In Rattan's supplemental affidavit, he states: "The correct legal classification of the Holiday Inn Express located at 601 NW Hwy. 24, Topeka, Kansas 66608 is 'Topeka Investment Group, LLC, doing business as Holiday Inn Express & Suites.' "

According to Rattan, Mycose Entrepreneur, Inc., and ARK Partners, LLC, share ownership of Topeka Investment, but Mycose manages the Holiday Inn. Because Mycose manages the Holiday Inn, Topeka Investment argues that First Management served an employee of Mycose, not of Topeka Investment.

Topeka Investment admits that "it is clear that where a corporate employee is personally served and it appears that the corporate employee is in charge of the business office, service is sufficient

under K.S.A. [] 60-304(e)(2)." While this issue has not been raised in our courts, federal courts have applied the statute. In *Sellens*, a secretary was served at the front desk of the office. Even though she was not in charge of the building, she signed for the service. The service was in substantial compliance with K.S.A. 60-304(e). 189 F.R.D. at 465. The court determined that where a corporate employee is in charge of an office at the time of the service, even if not a manager or officer, personal service can be proper. We find that this also applies to a limited liability company.

Here, Petrie was in charge of the Holiday Inn front desk on December 11, 2010, at 7:03 a.m. when the process server served the petition and summons on Topeka Investment. Topeka Investment claims that Petrie was not authorized to receive service of process on its behalf. However, this is not necessary for effective service of process. See *Sellens*, 189 F.R.D. at 465. Petrie was the person in charge of the front desk at the Holiday Inn at the time. First Management complied with K.S.A. 2010 Supp. 60-304(e)(2).

Also, Topeka Investment was mailed a copy of the motion for default judgment on January 7, 2011, in care of Rattan at the Holiday Inn address. That motion was never returned to First Management, yet Topeka Investment claims that it did not learn of the lawsuit until March 9, 2011, when Kaw Valley Bank notified it of the request for garnishment. Topeka Investment took no action in response to the petition or motion for default judgment. It further claims that "[t]he only logical conclusion to draw from this fact is either: (1) Topeka Investment Group had no knowledge that a lawsuit was pending against it, or (2) Topeka Investment Group chose to ignore the lawsuit."

Although Petrie remembered working at the time when the process server served the petition and summons, she did not "personally remember being served" or "what happened to the documents." This does not lead us to the conclusion that Topeka Investment was not aware of the pending litigation as it claims. We find that where an employee of a limited liability company is in charge of one of its business offices at the time of the service of process, even if not an officer of that company, personal service on that employee is effective under K.S.A. 2010 Supp. 60-304(e)(2);

therefore, service on Topeka Investment was effected by serving Petrie at the Holiday Inn.

## DEFAULT JUDGMENT

A decision to set aside a default judgment rests within the discretion of the district court. This decision is subject to review under an abuse of discretion standard. See K.S.A. 2010 Supp. 60-255(b); *First Nat'l Bank v. Sankey Motors, Inc.*, 41 Kan. App. 2d 629, 634, 204 P.3d 1167 (2009). "Generally, the trial court's decision is protected if reasonable persons could differ upon the propriety of the decision as long as the discretionary decision is made within and takes into account the applicable legal standards." *State v. Edgar*, 281 Kan. 30, 38, 127 P.3d 986 (2006). Judicial discretion is abused when no reasonable person would agree with the decision of the trial court. *Hoffman v. Haug*, 242 Kan. 867, 873, 752 P.2d 124 (1988).

Default judgments are not favored by the law but are necessary when the inaction of one party frustrates the administration of justice. *Jenkins v. Arnold*, 223 Kan. 298, 299, 573 P.2d 1013 (1978). The court may set aside a default judgment for good cause. *Reliance Insurance Companies v. Thompson-Hayward Chemical Co.*, 214 Kan. 110, 116, 519 P.2d 730 (1974). A motion to set aside a default judgment will only be granted if the movant has proven by clear and convincing evidence "(1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a willful act." *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 64, 523 P.2d 351 (1974).

On appeal, Topeka Investment argues that First Management will not be harmed by reopening this suit because First Management will merely have to prove its case. This general statement, however, does not prove any lack of prejudice by clear and convincing evidence. See *Montez*, 215 Kan. at 64.

Next, to show that it has a meritorious defense, Topeka Investment restates the argument that the district court abused its discretion in failing to set aside the default judgment because it was not properly served. However, as previously discussed, First Man-

agement properly served Topeka Investment. "[W]hen a defaulting party has shown no meritorious defense, a trial court is precluded from granting relief." *Midland Bank of Overland Park v. Rieke*, 18 Kan. App. 2d 830, 835, 861 P.2d 129 (1993).

Topeka Investment concludes by arguing that its lack of response to the lawsuit was excusable. Generally, "a litigant should not be unnecessarily penalized for the simple neglect of [its] agent." *Montez*, 215 Kan. at 64. The burden to show excusable neglect is on the party seeking an extension of the time limitation. Excusable neglect has no clear definition and must be determined on a case by case basis. *Jenkins*, 223 Kan. at 299.

Topeka Investment argues that this case "mirrors the facts in *Montez*," where an apartment manager misplaced the petition and did not notify the owners. Here, Topeka Investment ignored First Management's multiple demands for payment. First Management properly served Topeka Investment as required by K.S.A. 2010 Supp. 60-304(e)(2). First Management further notified Topeka Investment of the motion for default judgment. These facts do not illustrate excusable neglect. Further, this case is unlike *Montez*, where our Supreme Court readily found the other elements in favor of setting aside a default judgment. 215 Kan. at 65-66.

Even if Topeka Investment was able to prove by clear and convincing evidence that its failure to respond was based on excusable neglect, it has not set forth any factual basis regarding the first two *Montez* requirements. Topeka Investment alleged at oral argument that it claimed a meritorious defense to the lawsuit in its motion to set aside the default judgment; however, the motion only stated that it "has a meritorious defense." Notwithstanding Topeka Investment's attorney's assertion, it provided no facts to support its broad allegation. In order to prevail, it must prove all three elements for this court to reverse the district court's denial of the motion to set aside the default judgment. We find no merit in Topeka Investment's appeal.

Affirmed.