NOT DESIGNATED FOR PUBLICATION

No. 118,285

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DANICA HARRIS,
*Appellant*,

v.

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; TERESA L. WATSON, judge. Opinion filed May 18, 2018. Reversed and remanded to the State of Kansas Department for Children and Families with directions.

*John Paul D. Washburn*, of Washburn Law Office, LLC, of Topeka, for appellant.

*Jan Haley Maxwell*, Kansas Department of Children and Families, for appellee.

Before MCANANY, P.J., LEBEN and SCHROEDER, JJ.

PER CURIAM:  Danica Harris appeals the denial of her request to set aside a default order before the Kansas Department for Children and Families (DCF). We find the district court erred in not setting aside DCF's default order. Reversed and remanded to DCF for a hearing on the merits.

FACTS

Harris, a certified nursing assistant at Sunflower Supports Company (Sunflower), was a caregiver of J.H. who suffers from Down syndrome, Alzheimer's disease, and has limited vision. Harris took J.H. shopping for groceries and upon carrying the groceries inside, left J.H. momentarily unattended and buckled into the van seat. J.H. unbuckled her belt, stood up, fell out of the van, and suffered a cut and bump to her forehead as well as bruising around her eyes, cheek, and neck. J.H. was taken to the emergency room. As a result, DCF issued a notice of substantiated allegations of neglect to Harris.

Harris hired attorney Ashley Rohleder of the Washburn Law Office (not affiliated with Washburn University School of Law) and requested an administrative hearing. The Office of Administrative Hearings sent notice of the prehearing telephone conference set for May 11, 2016. Along with the notice, the parties received a prehearing questionnaire to be returned to the presiding officer one week before the prehearing conference. Harris and Rohleder failed to participate in the telephonic prehearing conference or submit the prehearing questionnaire before May 11, 2016. The presiding officer then mailed a notice of proposed default order on May 11, 2016, advising any motion to set aside the default order must be filed within 10 days.

Rohleder filed a timely motion to set aside the default order, explaining "Attorney for Appellant missed the call in, through no fault of Appellant, and Appellant should not be penalized for such." Rohleder also submitted the prehearing questionnaire that day. In it, she alleged J.H.'s personal care plan would show Harris was allowed to leave J.H. unattended except in the restroom. She also alleged J.H. could not be removed from the vehicle because the groceries were blocking her way. Finally, she alleged J.H. was buckled in and, on prior trips, had not unbuckled herself to leave the vehicle. Harris intended to call witnesses and submit J.H.'s personal care plan as well as Sunflower manuals and policies as evidence.

DCF replied asking for the default order to stand. Harris responded to DCF's reply on May 26, 2016. The same day, the presiding officer issued an order upholding the default order and denying Harris' motion. The presiding officer found Harris failed to establish good cause by stating why she and Rohleder missed the prehearing conference. Additionally, the presiding officer found Harris failed to timely complete and return the prehearing questionnaire. Rohleder appealed the denial to the DCF State Appeals Committee (Committee).

The parties filed briefs with the Committee. Rohleder alleged the substantiated allegations of neglect against Harris were unjustified and failed to reflect her actions were outside the guidelines of Harris' training or violated J.H.'s personal care plan. Rohleder admitted she missed the prehearing questionnaire deadline and the prehearing conference because of a calendaring error, but immediately upon realizing the error, contacted the Office of Administrative Hearings (OAH), was informed the proposed default order would be sent out, and she could move to set aside the default. In response, DCF argued Rohleder failed to plead sufficient facts to set aside the initial order of default in accordance with K.S.A. 2017 Supp. 60-260(b). DCF claimed Rohleder had not established excusable neglect because she failed to mention a calendaring error until she responded.

The Committee affirmed the default order. The Committee specifically found Rohleder admitted to "an error of her calendar," she "mistakenly calendared the date," and Harris was personally blameless. The Committee did not address the underlying merits of the allegations against Harris. In affirming the default order, the Committee concluded the calendar error was "the only reason for appellant's failure to appear" and the error was a "legally insufficient excuse."

3

Rohleder filed another response motion, although the contents addressed a different case. The Secretary of DCF treated the additional response as a petition for reconsideration and denied it.

Harris, through other counsel at Washburn Law Office, petitioned the district court for judicial review arguing she was entitled to relief under K.S.A. 2017 Supp. 60-260(b)(1) and (b)(6) because her neglect was excusable and she had a meritorious defense.

In denying Harris' petition to set aside DCF's final order, the district court applied K.S.A. 2017 Supp. 60-260(b)(1) and the factors set out in *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 523 P.3d 351 (1974). In addressing those factors, the district court noted DCF would not be prejudiced by reopening the case. The district court incorrectly determined Harris did not present evidence or argument of a meritorious defense to DCF. Instead, the district court reasoned Harris had, for the first time on appeal, presented her argument about J.H.'s personal care plan to the court. Declining to review the merits of Harris' defense, the district court found Rohleder's actions amounted to inexcusable neglect because she failed to calendar properly the prehearing conference, failed to submit a timely prehearing questionnaire, failed to contact the presiding officer or DCF counsel after failing to appear, contacted OAH for legal advice, and gave DCF a cursory explanation of her grounds to set aside the default order.

Harris appeals.

ANALYSIS

On appeal, Harris argues the district court erred by affirming the final order of default issued by DCF. Harris argues that under *Garcia v. Ball*, 303 Kan. 560, 570-71, 363 P.3d 399 (2015), she is entitled to have the default judgment set aside because she

4

has a meritorious defense that qualifies for "any other reason justifying relief" as set out under K.S.A. 2017 Supp. 60-260(b)(6). Harris also argues the district court erred at law because it and DCF failed to consider whether Harris had a meritorious defense and instead focused solely upon whether Rohleder's actions were excusable or inexcusable neglect under K.S.A. 2017 Supp. 60-260(b)(1).

*Harris was entitled to relief for "any other reason" under K.S.A. 2017 Supp. 60-260(b)(6).*

The Kansas Judicial Review Act (KJRA) defines the scope of judicial review of state agency actions unless the agency is specifically exempted from application of the statute. K.S.A. 2017 Supp. 77-603(a); *Ryser v. Kansas Bd. Of Healing Arts*, 295 Kan. 452, 458, 284 P.3d 337 (2012). Appellate courts exercise the same statutorily limited review of the agency's action as does the district court, as though the appeal had been made directly to the appellate court. *Kansas Dept. of Revenue v. Powell*, 290 Kan. 564, 567, 232 P.3d 856 (2010); *Johnson v. Kansas Employment Security Bd. of Review,* 50 Kan. App. 2d 606, 610, 330 P.3d 1128 (2014), *rev. denied* 302 Kan. 1010 (2015). State agency actions are reviewable under the KJRA, which also narrows and defines the proper scope of review. See K.S.A. 77-601 *et seq.* On appeal, the burden of proving the invalidity of the agency action rests on the party asserting the invalidity. K.S.A. 2017 Supp. 77-621(a)(1).

A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015). An abuse of discretion occurs if discretion is guided by an erroneous legal conclusion or goes outside the framework of or fails to consider proper statutory limitations or legal standards. *Matson v. Kansas Dept. of Corrections*, 301 Kan. 654, 656, 346 P.3d 327 (2015).

"Although default judgments are not favored by the law, they are necessary when the inaction of one party frustrates the administration of justice. *Jenkins v. Arnold*, 223 Kan. 298, 299, 573 P.2d 1013 (1978); *First Management v. Topeka Investment Group*, 47 Kan. App. 2d 233, 239, 277 P.3d 1150 (2001). A court may set aside a default judgment for good cause when the movant has proven by clear and convincing evidence: '"(1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of *inexcusable neglect or a willful act.* [Citations omitted.]"' *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 64, 523 P.2d 351 (1974); *First Management*, 47 Kan. App. 2d at 239." *Elledge v. Cheesman*, No. 113,087, 2015 WL 6619976, at *4 (Kan. App. 2015) (unpublished opinion).

Our court is not bound by DCF's interpretation of K.S.A. 2017 Supp. 60-260(b). See *Douglas v. Ad Astra Information Systems*, 296 Kan. 552, 559, 293 P.3d 723 (2013). Here, both DCF and the district court focused on caselaw under K.S.A. 2017 Supp. 60-260(b)(1) without also addressing Harris' claims under K.S.A. 2017 Supp. 60-260(b)(6) and whether that subsection allows Harris relief from default because she may have a meritorious defense. The record shows the Committee largely adopted DCF's argument when it issued its final order of default against Harris. In addressing the default under K.S.A. 2017 Supp. 77-520, the Committee applied K.S.A. 2017 Supp. 60-260, although it did so incorrectly. The presiding officer and the Committee did not consider all the applicable subsections of K.S.A. 2017 Supp. 60-260(b). Instead, they focused solely on a portion of caselaw addressing K.S.A. 2017 Supp. 60-260(b)(1) and ignored the provisions set out in K.S.A. 2017 Supp. 60-260(b)(6) under which Harris was entitled to relief. Likewise, even though Harris claimed she had a meritorious defense, neither DCF nor the district court addressed the merits of her claimed defense.

Generally, the law disfavors default judgments. *Garcia*, 303 Kan. at 568. In ruling on a motion to set aside default judgment, "a court should resolve any doubt in favor of the motion so that cases may be decided on their merits." *Garcia*, 303 Kan. at 568 (citing

6

*Jenkins v. Arnold*, 223 Kan. 298, 299, 573 P.2d 1013 [1978]). The district court may set aside a final default judgment when the party in default shows "[m]istake, inadvertence, surprise or excusable neglect" or "any other reason that justifies relief." K.S.A. 2017 Supp. 60-260(b)(1) and (6).

Excusable neglect is only one of many reasons a default judgment may be set aside. K.S.A. 2017 Supp. 60-260(b)(1)-(6). A meritorious defense is a factor to consider in a motion to set aside a default judgment under K.S.A. 2017 Supp. 60-260(b)(6). *Garcia*, 303 Kan. at 568. In *Garcia*, the Kansas Supreme Court upheld the district court's decision to set aside a default judgment. It noted the appellee's motion to set aside the default pled facts for a meritorious defense, a claim arising under "any other reason justifying relief" of K.S.A. 2017 Supp. 60-260(b)(6). The *Garcia* court also distinguished *Montez*, finding *Montez* addressed excusable neglect and inadvertence, but those standards do not apply to setting aside default under K.S.A. 2017 Supp. 60-260(b)(6) because this subsection of the statute does not require excusable neglect. A party having excusable neglect would rely on K.S.A. 2017 Supp. 60-260(b)(1), not K.S.A. 2017 Supp. 60-260(b)(6). Applying only excusable neglect would render K.S.A. 2017 Supp. 60-260(b)(6) superfluous, something the *Garcia* court was unwilling to do. See 303 Kan. at 569.

In our case, DCF opened the door to application of K.S.A. 2017 Supp. 60-260(b)(6) when the Committee adopted the standards and arguments DCF made regarding K.S.A. 2017 Supp. 60-260(b). However, DCF never addressed the underlying merits of Harris' defense as required under K.S.A. 2017 Supp. 60-260(b)(6). Harris raised her meritorious defense within the agency's record before the initial order for default and before the final order for default. Harris' prehearing questionnaire was received by the presiding officer after the deadline to return it, but before the presiding officer ruled on Harris' motion to set aside the default order. In her prehearing questionnaire, Harris alleged J.H.'s personal care plan would show Harris was allowed to leave J.H. unattended

7

except in the restroom. In denying Harris' motion, the presiding officer concluded Harris failed to complete and return the prehearing questionnaire as ordered. Yet the presiding officer's initial default order on May 26, 2016, ignored the filing of Harris' pretrial questionnaire filed six days before.

During its review, the Committee did not address the merits of Harris' defense against the default findings made by the presiding officer. Rohleder timely raised the merits of Harris' defense in her brief to the Committee. At the very least, the Committee should have analyzed whether Harris' meritorious defense and lack of personal fault in failing to appear satisfied the requirements for setting aside the default judgment under K.S.A. 2017 Supp. 60-260(b)(6). See *Garcia*, 303 Kan. at 567.

Similarly, the district court did not address the merits of Harris' defense. The district court determined: "Harris presented no evidence or argument of [her meritorious defense] in her multiple pleadings and briefs submitted to the agency." The district court incorrectly found Harris "relies upon statements never presented to the agency." The district court found "[i]ssues not raised before the agency cannot be raised for the first time in the district court except as provided by statute." A plain reading of the record shows Harris raised the merits of her defense twice—in her prehearing questionnaire submitted before the presiding officer's initial orders and in her brief to the Committee. In failing to address those arguments raised before the agency, the district court erred at law because it failed to determine whether K.S.A. 2017 Supp. 60-260(b)(6) applies to Harris' meritorious defense. See *Garcia*, 303 Kan. at 567. A court should resolve any doubt in favor of the motion to set aside default so that cases may be decided on the merits. See *Garcia*, 303 Kan. at 568.

Here, in denying the motion to set aside the default order, neither the agency nor the district court addressed the merits of Harris' defense; the district court found there

would be no prejudice to the agency for this case to be decided on the merits. Harris should be allowed to have her case presented on the merits to the presiding officer.

Reversed and remanded to the Kansas Department for Children and Families with directions.