NOT DESIGNATED FOR PUBLICATION

No. 119,957

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WHITE'S ROOFING, L.L.C.,
*Appellee*,

v.

MARGARITA VITOLAS,
*Appellant.*


MEMORANDUM OPINION

Appeal from Seward District Court; LINDA P. GILMORE, judge. Opinion filed May 31, 2019. Affirmed.

*Razmi M. Tahirkheli*, of Tahirkheli & Premer-Chavez, L.L.C., of Liberal, for appellant.

*Steve Brooks*, of Brooks & Associates, of Liberal, for appellee.

Before MALONE, P.J., SCHROEDER, J., and MCANANY, S.J.

PER CURIAM: Margarita Vitolas appeals the district court's denial of her motion to set aside the default judgment. Upon review of the record before us, we find the district court did not abuse its discretion in denying the motion based on the lack of evidence presented in support of the motion. We affirm.

FACTS

White's Roofing, L.L.C. (White) filed a petition against Vitolas alleging Vitolas owed the company $18,332 for repairs it provided. Vitolas filed no answer to the petition. The district court noted Vitolas was served with summons. The district court found Vitolas

failed to appear and her time to file an answer to the petition had expired. The district court granted White's request for a default judgment.

Vitolas then filed a motion to set aside the judgment, arguing she was never served with a summons. The district court heard Vitolas' motion on July 19, 2018. The summons in the record shows Vitolas was served on Friday, March 9, 2018, at 11:34 a.m. Vitolas testified she was not home to receive the summons because she left early for Garden City that Friday morning to be with her daughter for surgery that day. Vitolas testified she did not return to her home until the following Monday. Vitolas' daughter, Juana, testified confirming Vitolas was with her for the surgery at about 9 a.m. on Friday morning, March 9, 2018, and she did not leave until the following Monday afternoon.

White called Seward County Deputy Allan Kirk to testify. Kirk testified:

- He served Vitolas on March 9, 2018, at 11:34 a.m.
- He knocked on Vitolas' door and stated he was looking for Vitolas.
- Vitolas answered the door, and he asked if she was Margarita Vitolas.
- Vitolas responded, "Yes."
- He explained the date and time of the court appearance and who was involved in the claim. He uses this procedure every time he serves someone.
- He remembered seeing Vitolas' neighbor in the yard and waving to her.
- He signed a logbook indicating he served the summons. The logbook included the date, time, and address where he served the summons.

The district court found White properly served Vitolas. The district court also found Vitolas failed to show excusable neglect existed or present a meritorious defense. It denied the motion to set aside the default judgment.

2

On December 3, 2018, Vitolas filed a motion with the Court of Appeals to stay the appeal and incorporated another motion to set aside the judgment. Vitolas' motion cited new evidence with meritorious defense claims. White filed a response opposing the motion to stay the appeal. White argued Vitolas was attempting to introduce new evidence outside the record on appeal and needed to pursue relief for her second motion to set aside the judgment through the district court instead of the Court of Appeals. The motions panel of this court agreed with White and ordered the parties to file their briefs.

ANALYSIS

"A decision to set aside a default judgment rests within the discretion of the district court. This decision is subject to review under an abuse of discretion standard." *First Management v. Topeka Investment Group*, 47 Kan. App. 2d 233, 239, 277 P.3d 1150 (2012). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015).

K.S.A. 2018 Supp. 60-260(b)(1) provides relief from a final judgment, order, or proceeding when there is a "mistake, inadvertence, surprise or excusable neglect."

> "A motion to set aside a default judgment will only be granted if the movant has proven by clear and convincing evidence '(1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a willful act.'" *First Management*, 47 Kan. App. 2d at 239 (quoting *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 64, 523 P.2d 351 [1974]).

On appeal, Vitolas appears to argue the default judgment should be set aside for reasons of excusable neglect. However, Vitolas provides no argument for why her judgment should be set aside. While Vitolas listed all three of the requirements necessary to set aside

3

the default judgment, her issue statement only addresses excusable neglect in general. Vitolas' brief includes some caselaw on a motion to set aside a default judgment, but it fails to provide any argument or analysis on how the cited cases apply to her case. Vitolas does reference her own case when she argues White would not be prejudiced by setting aside the judgment. However, she does not otherwise provide any support for why excusable neglect applies. Issues not adequately briefed are deemed waived or abandoned. *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018).

Vitolas failed to show with clear and convincing evidence she has a meritorious defense before the district court. Vitolas' brief fails to provide any argument or facts to show she has a "meritorious defense" against White's claims. Vitolas has waived this issue. See *Williams*, 307 Kan. at 977.

The district court found White properly served Vitolas. Vitolas failed to show excusable neglect and a meritorious defense. Likewise, on appeal, Vitolas still has not offered any evidence to support either of these requirements. Additionally, Vitolas failed to provide any rationale on how the district court abused its discretion or otherwise erred in general. Vitolas has abandoned these issues. See *Williams*, 307 Kan. at 977.

While Vitolas initially raised the issues in her brief, she failed to provide an argument for why the default judgment should be set aside for equitable reasons. For the reasons set forth above, we find no reasonable person would disagree with the district court's decision to deny the motion to set aside the default judgment.

Affirmed.

4