No. 59,271

NORTH CENTRAL KANSAS PRODUCTION CREDIT ASSOCIATION, *Plaintiff*, v. CURTIS HANSEN, *et al.*, *Third-Party Plaintiffs-Appellants*, v. FEDERAL INTERMEDIATE CREDIT BANK OF WICHITA, a corporate entity of Wichita, Kansas, *Third-Party Defendant-Appellee.*

(732 P.2d 726)

Opinion filed February 20, 1987.

*Doug Thompson*, of Thompson, Chartered, of Junction City, and *Richard V. Gose*, of Santa Fe, New Mexico, argued the cause and were on the briefs for appellants.

*Barbara J. Coen*, of Wallace, Dewey & Zimmerman, of Wichita, argued the cause and was on the brief for appellee, Federal Intermediate Credit Bank of Wichita.

The opinion of the court was delivered by

McFARLAND, J.: This is an appeal by defendants/third-party plaintiffs from an order of the district court dismissing their third-party petition against the third-party defendant Federal Intermediate Credit Bank of Wichita (FICB) and assessing FICB's attorney fees against the third-party plaintiffs.

Plaintiff North Central Production Credit Association (PCA) brought this action against defendants seeking foreclosure of plaintiff's security interests in certain personal property and its

second mortgages on. defendants' real estate. This litigation is still pending, having been delayed by a bankruptcy action involving the defendants. Although defendants/third-party plaintiffs additionally attempt in this appeal to seek review of an order of the district court dismissing their counterclaim, the same is not before us as no final judgment has been entered in the primary litigation.

## PROPRIETY OF THE DISMISSAL OF THE THIRD-PARTY PETITION

In its pleading denominated third-party petition, third-party plaintiffs (Hansens) do not attempt to comply with the provisions of K.S.A. 60-214(a), which provides in pertinent part:

"At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.*" (Emphasis supplied.)

In *Alseike v. Miller*, 196 Kan. 547, 412 P.2d 1007 (1966), we stated:

"It may first be noted that this statute [60-214(a)] pertains to procedure only and does not create any substantive rights. The statute relates generally to the subject of reimbursement, indemnity or contribution, but it creates no substantive right to the same. There must be some substantive basis for the third-party claim before one can utilize the procedure of 214(a). Third-party practice is simply a permissive procedural device whereby a party to an action may bring in an additional party and claim against such party, because of a claim that is being asserted against the original party. It has been said that the general purpose of the practice is to avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and even-handed justice expeditiously and economically [citation omitted].

"In order to come under 214(a) the defendant's claim against the third-party defendant must be such that the latter 'is or may be liable to him for all or part of the plaintiff's claim against him.' The advisory committee for our present code of civil procedure had this to say with respect to the section:

" 'Although it is the purpose of the provision to permit the entire controversy in a single proceeding to be determined, it is only the liability of the third-party defendant to the original defendant for the original defendant's liability to the plaintiff that is to be determined.' (Gard's Kansas Code of Civil Procedure, Advisory Committee Notes, p. 74.)

"Thus we see it is not a device for bringing into an action any controversy which may happen to have some relation with it." 196 Kan. at 549-50.

The defendants did not allege in their third-party complaint

that FICB is liable to them for all or any part of PCA's claim against them. Rather, they seek a judgment against the Bank for actual and punitive damages independent of and not keyed to any liability they may be found to have to the plaintiff. The district court correctly determined the third-party petition was procedurally defective.

The lengthy, rambling, fill-in-the-blanks type of third-party petition filed herein is virtually identical to the pleading designated as a counterclaim herein. Highly summarized, the third-party petition alleges that the Hansens are farmers whose fathers and forefathers were farmers. From there on the pleading is, in essence, a broadside attack on the federal government's farm credit system and policies. The Hansens contend the purpose of the farm credit system is to make credit available to farmers such as themselves; and that PCA and FICB should have exercised forebearance in regard to the Hansens' delinquency on their loan, and should now extend more credit to them. The Hansens take great umbrage at what they perceive to be villainy and perfidy in the operation of the federal farm credit system.

At this point, a brief explanation of the relationship between PCA and FICB and the farm credit system, in general, would be appropriate. The Farm Credit Administration, an independent agency in the executive branch of government, consists of the Federal Farm Credit Board (Board), the Governor, and other officers. 12 C.F.R. § 600.1 (1986). The Board establishes general policy for the guidance of the Farm Credit Administration. The Board consists of thirteen members, including one from each of the twelve Farm Credit districts. 12 C.F.R. § 600.2.

The farm credit system is divided into twelve Farm Credit Districts. District No. 9 is named Wichita (Ks.) and serves farm needs in Kansas, Oklahoma, Colorado, and New Mexico. 12 C.F.R. § 600.10(a). Each district contains a federal land bank, a federal intermediate credit bank (FICB), a bank for cooperatives, and varying numbers of local federal land bank associations and production credit associations (PCA). 12 C.F.R. § 600.10(b). In District No. 9, the Federal Intermediate Credit Bank of Wichita serves district needs. The capital stock of the FICB is owned by production credit associations. The FICBs are primarily banks of discount for PCAs and other agricultural and livestock lending

institutions. 12 C.F.R. § 600.40. The FICB lends money to the PCA in its district. PCAs, on the other hand, finance on short- and intermediate-term basis farmers, ranchers, and producers or harvesters of aquatic products. 12 C.F.R. § 600.50.

The relationship between the FICBs and PCAs was described in *VanLeeuwen v. Farm Credit Admin.*, 577 F. Supp. 264 (D. Or. 1983), as follows:

"The Farm Credit Administration is an independent executive agency comprised of the Federal Farm Credit Board, the Governor, and other personnel. 12 U.S.C. § 2241. The FCA is mandated to charter, supervise, examine and regulate the banks and associations that comprise the Farm Credit System ('System'). The System is divided into twelve Farm Credit Districts, each of which contains a federal land bank, a federal intermediate credit bank, a bank for cooperatives, and varying numbers of local federal land bank associations, local banks for cooperatives, and production credit associations ('PCAs'). The Association is one of thirty PCAs in the Twelfth Farm Credit District. Those PCAs obtain funds from the FICB to finance operating and capital credit needs of eligible borrowers. The System banks and associations are owned by borrower-members and operated on a cooperative basis. Their function is to serve the credit needs of farmers, ranchers, and aquatic producers and harvesters.

"The FICB and Association are both System institutions subject to supervision by the FCA. The FICB has two primary responsibilities. First, it sells notes and bonds in the nation's money markets, through the System's fiscal agent, and loans the proceeds to PCAs. The federal government is not liable on and does not guarantee System notes and bonds. Second, the FICB is responsible for the direct supervision of the PCAs. In this capacity, the FICB conducts reviews of PCA operations at least annually to evaluate compliance with applicable statutes, FCA regulations, policies of the district board, and good business practices." 577 F. Supp. at 265.

By virtue of essentially identical form pleadings being utilized as both the counterclaim and third-party petition, allegations against both PCA and FICB are inextricably intertwined in both pleadings. Appellants' briefs continue in the same tradition as their pleadings and are an amorphous mass of conclusionary statements relative to PCA and FICB operations. Although an appellate court should not be required to do that which an appellant has not seen fit to do, namely present his or her claims of error in something akin to a comprehensible professional manner, we have endeavored to separate the allegations relative to FICB from the emulsion presented to us.

Theories of liability attempted to be set forth in the third-party petition appear to include negligence, breach of fiduciary duty,

fraud, breach of contract, and the tort of bad faith. The disorder presented precludes the use of the usual format for discussion of issues raised on appeal. Therefore, we make these observations and conclusions:

1. There is no contractual relationship between the Hansens and FICB. The pledge of the Hansen note by PCA to FICB (an act required by the operation of the farm credit system) does not create a contractual relationship between the debtors and FICB.

2. The pledge of the note does not make FICB the real party in interest in the foreclosure.

3. There is no fiduciary relationship between FICB and the debtors. As we stated in *First Bank of WaKeeney v. Moden*, 235 Kan. 260, 681 P.2d 11 (1984):

"Some of the indicia of a fiduciary relationship include the acting of one person for another; the having and exercising of influence over one person by another; the reposing of confidence by one person in another; the dominance of one person by another; the inequality of the parties; and the dependence of one person upon another. In addition, courts have considered weakness of age, mental strength, business intelligence, knowledge of the facts involved or other conditions giving to one an advantage over the other. None of these factors is demonstrated by the evidence here. There was no reposing of confidence in the Bank by the Modens, no dominance, no inequality, no dependence, no acting for another, no exercising of influence. We agree with the trial court:

" 'There is no evidence which would suggest anything other than the ordinary debtor/creditor relationship between the plaintiff Bank and these defendants [the Modens].'

Ordinarily, the relationship between a bank and its customer is that of creditor-debtor and not that of a fiduciary. *Denison State Bank v. Madeira*, 230 Kan. 684, 695, 640 P.2d 1235 (1982); *Dugan v. First Nat'l Bank in Wichita*, 227 Kan. 201, 207, 606 P.2d 1009 (1980)." 235 Kan. at 262.

Here, the creditor is PCA rather than FICB.

4. The tort of bad faith is not recognized in Kansas. *Guarantee Abstract & Title Co. v. Interstate Fire & Cas. Co.*, 232 Kan. 76, Syl. ¶ 3, 652 P.2d 665 (1982).

5. No cause of action for negligence is stated. As we stated in *Durflinger v. Artiles*, 234 Kan. 484, 673 P.2d 86 (1983):

"Negligence exists where there is a duty owed by one person to another and a breach of that duty occurs. Further, if recovery is to be had for such negligence, the injured party must show: (1) a causal connection between the duty breached and the injury received; and (2) he or she was damaged by the negligence." 234 Kan. at 488.

No breach of any legal duty owed to the Hansens by FICB is stated.

6. Fraud must be pled with particularity. *Price v. Grimes*, 234 Kan. 898, Syl. ¶ 5, 677 P.2d 969 (1984). The conclusionary allegations of fraud contained in the third-party petition relative to FICB are wholly lacking in particularity.

7. Whether forebearance was to be afforded the Hansens on repayment of their indebtedness to PCA was the legal responsibility of PCA rather than FICB. The refusal of PCA to forebear gives rise to no cause of action against FICB for that refusal.

8. As for the numerous allegations relative to the Hansens' perceived deficiencies in the operation of the farm credit system, we must conclude that the Hansens have no standing to try the merits and operation of the system in this litigation. They allege no particular damage to them unique from other farm credit system borrowers. See *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 100, 60 L. Ed. 2d 66, 99 S. Ct. 1601 (1979).

9. Other claims of error relative to the dismissal of the third-party petition are considered and held to be without merit.

We conclude the district court did not err in dismissing the third-party petition.

## AWARD OF ATTORNEY FEES

The district court, upon dismissal of the third-party petition, granted FICB's motion for attorney fees under K.S.A. 60-2007. The motion was granted in the amount of $5,272.50 and taxed against the Hansens and their attorneys, Richard V. Gose and Doug Thompson, jointly and severally. Attorney fees were also awarded in favor of PCA, but any issue relative to the propriety thereof is not before us. In granting both motions for attorney fees, the district court stated:

"PCA and FICB also seek to recover their attorneys' fees in their defense of the counterclaim and third-party complaint filed against them. They cite K.S.A. 60-2007 as authority for their demand. This statute provides:

" '(b) At the time of assessment of the costs of any action to which this section applies, if the court finds that a party, in a pleading, motion or response thereto, has asserted a claim or defense, including setoffs and counterclaims, or has denied the truth of a factual statement in a pleading or during discovery, without a reasonable basis in fact and not in good faith, the court shall assess against the party as additional costs of the action, and allow to the other parties, reasonable

attorney fees and expenses incurred by the other parties as a result of such claim, defense or denial. An attorney may be held individually or jointly and severally liable with a party for such additional costs where the court finds that the attorney knowingly and not in good faith asserted such a claim, defense or denial or, having gained knowledge of its falsity, failed to inform the court promptly that such claim, defense or denial was without reasonable basis in fact.

"The debtors' counterclaim and third-party complaint are replete with misrepresentations and misquotations of federal statutes. The two pleadings are basically the same and attempt was made to make them applicable to the party intended by filling in blanks. The counterclaim and third-party complaint set forth no recognizable cause of action and set out no claim for recovery with a reasonable basis in fact upon which to proceed. They cannot be found to have been filed in good faith.

"But even more serious is the manner in which these complaints were presented. The counterclaim and third-party complaint conform to no rules of pleading. In the claims attempted to be made and in the quotations cited from federal statutes and regulations, the Court cannot place the responsibility upon the debtors since the debtors had no means or knowledge to so deftly misquote so much at such length and to give those distortions to the Court as the law of this State. This could only have been done by their attorneys. It must be basic to every member of the Bar that such tactics are unprofessional and can only be found to have been done knowingly and not in good faith. Such an effort must be denominated as frivolous and counsel for the debtors must be held to be jointly and severally liable with the debtors for the payment of the attorneys' fees to which PCA and FICB are entitled as a result of their having to respond to the counterclaim and third-party complaint."

The Hansens and their attorneys do not challenge the reasonableness of the size of the award of attorney fees. Rather, they argue that no award should have been made. We have carefully reviewed the record and find no abuse of discretion in the award of attorney fees in favor of FICB.

The judgment is affirmed.