No. 79,520

STATE OF KANSAS, BOARD OF REGENTS, UNIVERSITY OF KANSAS MEDICAL CENTER, *Appellant/Cross-appellee,* v. RONALD SKINNER, *Defendant,* and LINDA SKINNER, *Appellee/Cross-appellant.*

(987 P.2d 1096)

Opinion filed July 16, 1999.

*Douglas G. Peterson*, of Holbrook, Heaven & Osborn, of Kansas City, argued the cause and was on the briefs for appellant.

*Kirk D. Auston*, of Oklahoma City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: The district court set aside a Kansas medical center's judgment for lack of personal jurisdiction over the debtor's wife, who lived in Kansas and was separated from her husband, who lived in Arkansas. The medical center moved to reinstate the judgment, claiming the wife had waived her defense of lack of personal jurisdiction by filing a third-party petition. The district court denied the motion. The medical center appeals. The wife cross-appeals, claiming that even if she waived her defense of lack of personal jurisdiction, her status as a separated spouse obviates the application of the doctrine of necessaries. Because we conclude that the district court was without personal jurisdiction over the wife, we do not reach the wife's issue on cross appeal.

Ronald and Linda Skinner were separated spouses. Linda lived in Kansas; Ronald lived in Arkansas. Ronald was regularly treated at the Veterans Administration Hospital in Arkansas for cancer. In November 1992, Ronald and Linda Skinner traveled together to visit their adult son in California. Upon their return from California, Ronald, prior to returning to his home in Arkansas, stayed in Kansas at Linda's residence for a few days. While at Linda's, Ronald experienced a stomach aneurysm. Linda summoned an ambulance. Ronald was taken to the University of Kansas Medical Center (Medical Center) where he had surgery. The Medical Center's bill for treating Ronald was $43,879.43. Ronald was unable to pay the bill. The Medical Center filed a Chapter 61 civil petition in Johnson County District Court against Ronald and Linda Skinner, jointly and severally, for $43,879.43. The Johnson County Sheriff's office personally served the summons and petition on Ronald Skinner at Linda's home. Linda was served by a sheriff's officer leaving a summons and petition with Ronald at Linda's residence.

On January 3, 1996, Linda moved to dismiss the Medical Center's claim against her for defective service of process, improper venue, and lack of subject matter jurisdiction. Linda asserted that leaving the summons and petition for her with a nonresident of her household without subsequently mailing a copy of the papers to her at her address did not comply with the statutory procedure for effecting personal or residential service. See K.S.A. 60-205(b) (service may be made upon a party by delivering a copy of the petition at the party's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein). On February 1, 1996, Linda's motion to dismiss was argued to the court. The district court declined to rule on the motion at that time. By agreement of the parties, the case was designated a Chapter 60 action.

On May 17, 1996, the Skinners attempted to proceed pursuant to K.S.A. 60-214(a) by filing a third-party petition alleging that the attorneys representing the Medical Center had violated the federal Consumer Credit Protection Act in their actions regarding collection of the debt. The third-party petition did not refer to Linda's claim of lack of personal jurisdiction.

On May 7, 1996, pursuant to K.S.A. 60-214(a), the Skinners filed an answer to the Medical Center's petition. In the answer, the Skinners asserted various defenses. Linda alleged lack of personal jurisdiction due to insufficient service of process on her.

On May 21, 1996, Linda filed a motion for summary judgment, again claiming lack of personal jurisdiction due to insufficient service of process. In a June 25, 1996, memorandum decision the court denied the motion, finding that summary judgment was not appropriate because a genuine issue of material fact existed as to Ronald's residence, an issue to be determined by the trier of fact.

A pretrial order was entered on September 3, 1996. Linda's challenge to personal jurisdiction was asserted in the pretrial order. It is important to note that at that hearing, Linda's third-party petition against the Medical Center's attorneys was severed from the Medical Center's case against the Skinners.

The Medical Center's action against the Skinners was tried to a jury on November 4, 1996. At the conclusion of the evidence, the

issue of lack of personal jurisdiction was again raised by Linda. The district judge stated the determination of Ronald's actual residence, *i.e.*, Kansas or Arkansas, was a question of fact to be determined by the jury.

On the verdict form, the jury was asked whether Ronald and Linda were each liable for the Medical Center's claim. The jury was then instructed that if it found Linda liable, it was to determine whether Ronald was residing at Linda's Kansas residence. The court defined residence to the jury as a "place which is adopted by a person as the person's place of habitation and to which, whenever the person is absent, the person has the intention of returning." The jury awarded the Medical Center a judgment of $43,879.43 against Ronald and Linda. The jury also found that Ronald was not residing at Linda's Kansas residence at the time the petition and summons were left for Linda. The district judge approved the Medical Center's judgment of $43,879.43 against both defendants.

Linda filed a motion for a judgment notwithstanding the verdict. The district judge ruled that there had not been valid service of process on Linda, therefore, the court lacked personal jurisdiction to enter judgment against Linda; it set aside the judgment against her. The Medical Center moved to reinstate the judgment against Linda. On June 19, 1997, the district judge denied the motion to reinstate the judgment. The Medical Center appealed, contending that (1) by filing a permissive third-party petition against the attorneys representing the Medical Center, Linda had waived her previously asserted defense of insufficient service of process, or (2) Linda had waived that defense by not requiring the district judge to rule on the issue of jurisdiction prior to judgment in the case.

Linda asserts that because she timely asserted the defense of lack of personal jurisdiction due to insufficient service of process in a motion to dismiss in her responsive pleading, by a motion for summary judgment, and in the pretrial order, the question of personal jurisdiction was raised and preserved, despite her filing a third-party petition. The issue of whether Linda waived the defense of lack of personal jurisdiction by filing a permissive pleading is a question of law requiring de novo review. See *State v. Anderson*, 259 Kan. 16, 18, 910 P.2d 180 (1996).

## Pleading Defenses

The fact that a party has actual knowledge of the pendency and the nature of an action against him or her is not a substitute for service. Notice or knowledge must come from process of service, or there must be a valid waiver.

Jurisdiction over the person of the defendant may be acquired only by issuance and service of process in the method prescribed by statute or by voluntary appearance. *Haley v. Hershberger*, 207 Kan. 459, 463, 485 P.2d 1321 (1971) (leaving a copy of the petition and summons with the defendant's secretary was not substantial compliance to obtain personal service).

K.S.A. 60-212 applies to the pleading of defenses and objections. Subsection (b) of that statute provides, in part:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) Lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under K.S.A. 60-219 and amendments thereto. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."

Subsection (h) of K.S.A. 60-212 provides that a defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived if it is not made by motion or included in a responsive pleading. While 60-212 allows a defendant to answer to the merits of the plaintiff's claim in the same pleading in which the defendant raises a jurisdictional defense, the statute does not specifically authorize a defendant to assert a counterclaim, cross-claim, or third-party petition without also asserting the jurisdictional defense to the plaintiff's claim.

It may first be noted that the language addressing third-party actions under K.S.A. 60-214(a) pertains to procedure only and does not create any substantive rights. The statute relates generally to the subjects of reimbursement, indemnity, or contribution, but it

creates no substantive right to the same. There must be some substantive basis for the third-party claim before one can utilize the procedure of 60-214(a). Third-party practice is simply a permissive procedural device whereby a party to an action may bring in an additional party and bring a claim against such party, because of a claim that is being asserted against the original party. It has been said that the general purpose of the practice is to avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and even-handed justice expeditiously and economically. *Alseike v. Miller*, 196 Kan. 547, 549-50, 412 P.2d 1007 (1966).

Linda's "third party petition" alleged violation of the federal Consumer Credit Protection Act by the attorneys representing the Medical Center. Although the claim was peripherally related to the primary case, it was not a third-party action as defined in K.S.A. 60-214(a), which provides that a defending party (the Skinners), as a third-party plaintiff, may file a complaint against a person (the attorneys) not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's (Medical Center's) claim. Linda's claim against the attorneys was for an independent judgment and was not within the restrictions of 60-214(a).

Where a third-party petitioner (Linda) seeks an independent judgment against a third-party defendant (the attorneys) which is not keyed to any liability the defendant/third-party plaintiff (Linda) may have to the plaintiff (Medical Center), the third-party petition is procedurally defective. *North Cent. Kan. Prod. Credit Ass'n v. Hansen*, 240 Kan. 671, Syl. ¶ 1, 732 P.2d 726 (1987).

In *Jamison v. Schneider*, 561 F. Supp. 1087 (D. Kan. 1983), the federal court considered the effect of a procedurally defective third-party pleading on the federal court's removal jurisdiction. The court stated:

"[B]oth the applicable Kansas and federal procedural rules relating to third-party practice require a certain identity of issues between the main suit and the third-party complaint, inasmuch as a properly-pleaded third-party complaint must allege that the third-party defendant is liable for all or part of the plaintiff's claim against the third-party plaintiff. It is, therefore, apparent that one of two situations must

exist: either the third-party complaint is separate and independent, or it shares an identity of issues with the main complaint.

"It is unnecessary, in this case, to determine into which category the third-party complaint falls. Either way, the removal of the case to this Court was improvident. If the third-party complaint is separate and independent from the main complaint, it is outside the scope of both K.S.A. 60-214(a) and Rule 14(a) of the Federal Rules of Civil Procedure because it claims no indemnity from the third-party defendant for any amount the plaintiff may recover from the third-party plaintiff. *If the third-party complaint is outside the scope of the procedural rules, the defendant had no right to bring in the third-party defendant, and the state court, therefore, never obtained jurisdiction over the third-party defendant.* Because the state court had no jurisdiction, this Court's jurisdiction, which is derivative in removed cases, must also fail. All that remains is a tort and contract case between two Kansas residents that must clearly be remanded." (Emphasis added.) 561 F. Supp. at 1091.

Our rule is clear that parties cannot confer subject matter jurisdiction by consent, waiver, or estoppel. Nor can parties convey jurisdiction on a court by failing to object to its lack of jurisdiction. *Achey v. Linn County Bank,* 261 Kan. 669, 672, 931 P.2d 16 (1997).

Neither party contends that the district court erred in severing from the principal case Linda's claim against the Medical Center's attorneys. Because the claim was jurisdictionally defective, it had no effect on the case or the status of the pleadings in the case. Therefore, the filing of the jurisdictionally defective petition could not have waived Linda's previously asserted jurisdictional defenses. The district court's action was correct because the court had no jurisdiction to consider Linda's claim within the context of the Medical Center's case.

## Acquiescence to Personal Jurisdiction

The Medical Center's contention that Linda waived the insufficient service of process defense by allowing the action to proceed to judgment without requiring the judge to rule on the issue also fails.

The minimum requirements of K.S.A. 60-212(h) are satisfied when a defendant raises the issue of personal jurisdiction in a timely motion to dismiss. In the absence of other factors militating

in favor of a finding of waiver, this suffices to preserve the issue of personal jurisdiction for appeal.

Here, Linda raised the objection of lack of personal jurisdiction due to insufficient service of process in her motion to dismiss, in her answer to the petition, by a motion for summary judgment, and in the jury instructions. Although the case proceeded to judgment without a ruling by the judge, it was the judge, not Linda, who decided that the jury would resolve the issue by determining the legal residence of Ronald. Therefore, Linda did not acquiesce to the court's jurisdiction by neglecting the defense. The issue of lack of personal jurisdiction was properly asserted by Linda's motions to dismiss and her responsive pleading, and it was not waived by inaction or acquiescence on Linda's part.

The district court's denial of the Medical Center's motion to reinstate the judgment is affirmed.