NOT DESIGNATED FOR PUBLICATION

No. 119,293

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOSIAH BUNYARD,
*Appellant*,

v.

STATE OF KANSAS
and
LARNED STATE HOSPITAL,
*Appellees*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed February 15, 2019. Reversed and remanded.

*Josiah Bunyard*, appellant pro se.

*Jessica F. Conrow*, litigation counsel, Kansas Department for Aging and Disability Services, for appellees.

Before BUSER, P.J., POWELL, J., and STUTZMAN, S.J.

POWELL, J.: Josiah Bunyard appeals the dismissal of his civil lawsuit by the district court for insufficient service of process on Larned State Hospital and the State of Kansas under K.S.A. 2017 Supp. 60-304(d)(5). For reasons explained below, we reverse the district court's dismissal of Bunyard's civil petition and remand for further proceedings.

1

On June 13, 2016, Bunyard filed suit against Larned State Hospital (Larned), claiming the hospital's employees committed various torts against him during his court-ordered evaluation in July and August 2014. Bunyard requested service of his petition, and the return of summons provides the Sheriff served Larned on June 27, 2016. On July 18, 2016, the district court granted Larned an extension to answer or otherwise respond to Bunyard's petition through Kimberly M.J. Lynch, an attorney for the Kansas Department for Aging and Disability Services (KDADS), which operates Larned. On August 1, 2016, Larned moved to dismiss for lack of jurisdiction for Bunyard's failure to join the State of Kansas (the State) as an indispensable party under the Kansas Tort Claims Act (KTCA), K.S.A. 75-6101 et seq.

Bunyard filed an amended petition on August 22, 2016, which (1) added constitutional claims; (2) amended and narrowed the dates of his court-ordered evaluation to July 10, 2014, and August 26, 2014; and (3) added as additional defendants the State and individual Larned employees. We note parenthetically that the individual employees were never served and do not appear to be proper defendants in this case as a result. For ease of reference, we will refer to Larned and the State collectively as Larned. Bunyard also responded to Larned's motion to dismiss, filed additional motions, and requested oral argument.

On October 26, 2016, Jessica Conrow, another KDADS attorney, filed an entry of appearance as co-counsel for Larned.

Bunyard filed a return of service on October 27, 2016, attesting he had served Attorney General Derek Schmidt by certified mail with return receipt delivery on August 24, 2016. With his return of service, Bunyard included (1) his affidavit attesting that his return of service on the summons was true and correct; (2) certified mail receipts

2

addressed to: "Attorney General Derek Schmidt," at "Memorial Hall 120 S.W. 10th Ave, 2nd Flr," "Topeka, Kansas 66612-1237," but which lacked completed recipient or delivery sections; and (3) United States Postal Service (USPS) tracking information for a certified mail item numbered 70150640000088189010 that was delivered to a Topeka, Kansas 66603 address on August 24, 2016, at 9:56 a.m. We note that Attorney General Derek Schmidt's website states the governmental address as "120 SW 10th Ave., 2nd Floor" "Topeka, KS 66612," https://ag.ks.gov/about-the-office/contact-us (last accessed December 6, 2018), and we may take judicial notice of the governmental address. See K.S.A. 60-409(b)(4); *Mondonedo v. Shawnee County District Attorney*, No. 108,934, 2013 WL 2321201, at *1 (Kan. App. 2013) (unpublished opinion). Days later, Bunyard moved for default judgment.

On November 15, 2016, Larned moved to dismiss for lack of subject matter jurisdiction, alleging Bunyard failed to exhaust all administrative remedies. After a hearing, the district court denied Bunyard's motion for default judgment, denied Larned's first motion to dismiss, stayed discovery pending the ruling on Larned's second motion to dismiss, and ordered Bunyard to show he had exhausted his administrative remedies. Bunyard timely filed a response. After another hearing, the district court denied Larned's second motion to dismiss and lifted the stay on discovery.

Larned answered the amended petition on May 8, 2017, reserving any and all affirmative defenses and specifically raising the defense of insufficient service of process. Larned later filed a motion for judgment on the pleadings, arguing improper process/service of process and lack of personal jurisdiction or, alternatively, that Bunyard failed to state claims upon which relief could be granted for assault, battery, libel, slander, and defamation due to an expiration of the statute of limitations. For the insufficient service claim, Larned specifically argued that (1) the defense was timely raised in the answer and (2) Bunyard had failed to properly serve Larned through the attorney general as required in K.S.A. 2017 Supp. 60-304(d)(5).

In response, Bunyard argued (1) he sufficiently served Larned through residential service; (2) his later return of service shows he sufficiently served process on the attorney general by certified mail with return receipt delivery on August 24, 2016; (3) Conrow's entry of appearance on October 26, 2016, had the same effect as service; (4) K.S.A. 2017 Supp. 60-204 also saved his services of process because he substantially complied with the service requirements; and (5) if his service of process was adjudicated invalid, the district court should give him time to cure service under K.S.A. 2017 Supp. 60-203(b).

Larned responded and argued (1) Bunyard did not substantially comply with the service requirements according to K.S.A. 2017 Supp. 60-204 and *Fisher v. DeCarvalho*, 298 Kan. 482, 314 P.3d 214 (2013); (2) Conrow's entry of appearance did not have the same effect of service because it occurred after the 90-day relation back deadline for commencing a civil action under K.S.A. 2017 Supp. 60-203(a); and (3) K.S.A. 2017 Supp. 60-203(b) does not apply because Bunyard's service of process was void, so he could not purport to have made service on the attorney general. In his surreply, Bunyard attached a second USPS document that showed a "C. Moe" signed for his certified mail package and indicated delivery occurred at the "AG's office" on August 24, 2016, at 9:56 a.m. at Topeka, Kansas 66603.

In response to Bunyard's surreply, Larned presented additional arguments and attached an affidavit from Deputy Attorney General Dennis Depew. Depew stated he is responsible for ensuring that all state agencies, officers, and employees are notified when the attorney general is served with a civil action. The office follows a uniform procedure for accepting incoming mail and Crystal Moe, an administrative employee, signs a salmon-colored receipt for the acceptance of all general mail. Moe's signature does not acknowledge a receipt of certified mail on the attorney general. Instead, the USPS provides the office with a separate list of tracked mail items requiring separate signatures, such as certified mail. The "reception team" reviews the separate list and indicates if the item was received by writing to whom the item was sent within the office. If the separate

4

USPS list includes a certified mail item not received at the office, the completed USPS list will lack the reception team's notation indicating to whom it internally sent the item.

Depew attached the August 24, 2016 USPS list for tracked mail items and acknowledged that item 30 matched the tracking number from Bunyard's USPS certified mail document: 70150640000088189010. But Depew stated because item 30 lacked the reception team's internal routing notation, that meant item 30 was not received at the office. If item 30 had been received, it would have been internally routed—and that routing notation would appear on its USPS list—to the Civil Litigation Division. An employee would have scanned item 30 into an internal document control system with a transmittal letter and sent it to KDADS. Finally, the employee would either date stamp or would sign and date a green-colored delivery receipt for certified mail and mail the green receipt to the sender. Depew stated because Bunyard lacks the green receipt, the division and the attorney general never received his certified mail item.

At the subsequent hearing, Bunyard argued he could not receive the green delivery receipt because the prison prohibits him from receiving them. Bunyard stated his Unit Team Manager corresponded with the USPS and obtained the document showing "C. Moe" signed for his certified mail item on August 24, 2016.

In February 2018, the district court dismissed Bunyard's civil action, holding: (1) Larned properly reserved the insufficient service defense in the answer; (2) Bunyard's attempts at service were invalid; (3) Bunyard could not show he substantially complied with serving the attorney general because he had no green delivery receipt; (4) Conrow's entry of appearance did not equate to service of process because it occurred after the 90-day deadline in K.S.A. 2017 Supp. 60-203(a); and (5) K.S.A. 2017 Supp. 60-203(b) did not afford Bunyard 90 days to cure service from its invalidity adjudication because Bunyard could not purport to have made service on the attorney general.

5

Bunyard timely appeals.

## DID THE DISTRICT COURT ERR BY DISMISSING BUNYARD'S CIVIL SUIT?

Bunyard argues the district court erred in dismissing his claims for failure to serve process on Larned under K.S.A. 2017 Supp. 60-304(d)(5). Specifically, Bunyard argues the district court erred because (1) Larned waived the insufficient service defense and counsels' entries of appearance equated to service of process; (2) he validly served process on Larned; (3) he substantially complied with the service requirements and K.S.A. 2017 Supp. 60-204 should save his civil suit; and (4) if we agree with the district court's finding that his attempts at proper service were invalid, he should have time to re-serve Larned under K.S.A. 2017 Supp. 60-203(b).

A.    *Standard of review*

Before addressing the merits, we first note that the parties are in disagreement as to our standard of review. Bunyard argues that because the district court considered matters outside of the pleadings, we should review this case in accordance with the standard of review for summary judgment. Larned counters that the summary judgment standard of review does not apply because Bunyard had the burden to show by a preponderance of the evidence that he obtained personal jurisdiction over them.

A de novo standard of review applies whether we treat the district court's dismissal as one for judgment on the pleadings, summary judgment, or lack of personal jurisdiction. See, e.g., *Trear v. Chamberlain*, 308 Kan. 932, 936, 425 P.3d 297 (2018) (review de novo on summary judgment if material facts uncontroverted); *Mashaney v. Board of Indigents' Defense Services*, 302 Kan. 625, 639, 355 P.3d 667 (2015) ("An appellate court's review of whether the district court properly granted a motion for judgment on the pleadings is unlimited."); *Aeroflex Wichita, Inc. v. Filardo*, 294 Kan.

258, 270, 275 P.3d 869 (2012) (review de novo on lack of personal jurisdiction dismissal).

First,

"'[a] motion for judgment on the pleadings under 60-212(c), filed by a defendant, is based upon the premise that the moving party is entitled to judgment on the face of the pleadings themselves and the basic question to be determined is whether, upon the admitted facts, the plaintiffs have stated a cause of action. The motion serves as a means of disposing of the case without a trial where the total result of the pleadings frame the issues in such manner that the disposition of the case is a matter of law on the facts alleged or admitted, leaving no real issue to be tried. The motion operates as an admission by movant of all fact allegations in the opposing party's pleadings. [Citations omitted.]'" *Mashaney*, 302 Kan. at 638.

Generally, reviewing courts "must accept as true the factual allegations made [in the pleadings]; we then decide whether [the plaintiff] has stated a potentially valid claim based on those facts." *Ramcharan-Maharajh v. Gilliland*, 48 Kan. App. 2d 137, 139, 286 P.3d 216 (2012) (citing *Purvis v. Williams,* 276 Kan. 182, 186-87, 73 P.3d 740 [2003]), *rev. denied* 297 Kan. 1247 (2013).

Second,

"'[s]ummary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought*. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive

7

issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' [Citation omitted.]" (Emphasis added.) *Trear*, 308 Kan. at 935-36.

As occurred here, when a district court considers and does not exclude matters outside of the pleadings, "the motion must be treated as one for summary judgment under K.S.A. 60-256." See K.S.A. 2017 Supp. 60-212(d). Under the summary judgment standard, "[t]o the extent 'material facts are uncontroverted, an appellate court reviews summary judgment de novo.' [Citations omitted.]" *Trear*, 308 Kan. at 936.

Citing to *Aeroflex* for support, Larned argues Bunyard had the burden to show he obtained personal jurisdiction over it by a preponderance of the evidence, so the summary judgment standard does not apply. But the *Aeroflex* court reviewed a dismissal for lack of personal jurisdiction and applied a de novo standard of review. See 294 Kan. at 270. Significantly, the *Aeroflex* court did not determine whether the lack of personal jurisdiction resulted from insufficient service of process but instead determined the district court could exercise personal jurisdiction over nonresident defendants under the Kansas long-arm statute without offending due process. 294 Kan. at 290-91. Most importantly, the *Aeroflex* court expressly rejected the argument Larned is now raising before us, holding the plaintiff *does not* have the burden to prove personal jurisdiction by a preponderance of the evidence:

> "[W]hen a defendant's K.S.A. 2011 Supp. 60-212(b)(2) motion to dismiss for lack of personal jurisdiction is decided before trial on the basis of the pleadings, affidavits, and other written materials and without an evidentiary hearing, *any factual disputes must be resolved in the plaintiff's favor and the plaintiff need only make a prima facie showing of jurisdiction*." (Emphasis added.) 294 Kan. at 270.

Thus, Larned's argument that Bunyard bears the burden of proof to show valid service lacks merit. Accordingly, we exercise de novo review of the district court's decision to

dismiss Bunyard's action on the basis of insufficient service of process; because the district court considered matters outside of the pleadings, the summary judgment standard applies.

B.      *The applicable law on personal jurisdiction and service of process, generally*

"Jurisdiction over the person of the defendant may be acquired only by issuance and service of process in the method prescribed by statute or by voluntary appearance." *Kansas Bd. of Regents v. Skinner*, 267 Kan. 808, 812, 987 P.2d 1096 (1999). "The fact that a party has actual knowledge of the pendency and the nature of an action against him or her is not a substitute for service. Notice or knowledge must come from process of service, or there must be a valid waiver." 267 Kan. at 812.

> "Proper service of process is an essential before a court may exert personal jurisdiction over a litigant in a lawsuit. 'Service of process is a method of formally commencing an action by giving the defendant notice of the action. The person named as defendant normally does not become a party to the action until served with the summons. . . . The court obtains jurisdiction of the defendant through service of process.' [Citations omitted.]" *First Management v. Topeka Investment Group*, 47 Kan. App. 2d 233, 235-36, 277 P.3d 1150 (2012).

"A summons is the means by which the defendant 'is afforded the opportunity to appear before and be heard by the court. It is this notice which gives the court jurisdiction to proceed.'" *Cook v. Cook*, 32 Kan. App. 2d 214, 218, 83 P.3d 1243 (2003), *rev. denied* 277 Kan. 923 (2004). When a plaintiff files a petition, "the clerk must promptly issue a summons for service on each defendant in accordance with K.S.A. 60-303, and amendments thereto. On written request the clerk must promptly issue a separate or additional summons. A summons must be served with a copy of the petition." K.S.A. 2017 Supp. 60-301.

9

K.S.A. 2017 Supp. 60-203(a) provides:

"A civil action is commenced at the time of: (1) Filing a petition with the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by paragraph (1)."

Under K.S.A. 2017 Supp. 60-304, "'serving' means making service by any of the methods described in K.S.A. 60-303, and amendments thereto, unless a specific method of making service is prescribed in this section." K.S.A. 2017 Supp. 60-304(d)(5) requires a party to serve

"the state or any governmental agency of the state . . . by serving the attorney general or an assistant attorney general."

"Service by return receipt delivery must be addressed to the appropriate official at the official's governmental office."

K.S.A. 2017 Supp. 60-303(c) contains additional requirements for service by return receipt delivery:

"(1) Service of process may be made by return receipt delivery, which is effected by certified mail, priority mail, commercial courier service, overnight delivery service or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery.

"(2) The sheriff, party or party's attorney must give to the person or entity effecting delivery a copy of the process and petition or other document in a sealed

10

envelope, with postage or other delivery fees prepaid, addressed to the person to be served in accordance with K.S.A. 60-304, and amendments thereto.

"(3) Service of process is obtained under K.S.A. 60-203, and amendments thereto, upon the delivery of the sealed envelope.

"(4) After service and return of the return receipt, the sheriff, party or party's attorney must execute and file a return of service. The return of service must state the nature of the process, to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery. It must include a copy of the return receipt evidencing delivery."

C.     *Bunyard fails to support his waiver claim with pertinent authority and counsels' appearances do not equate to valid service of process.*

Bunyard briefly argues that Larned waived its defense of insufficient service of process by responding to motions, filing other motions, and filing an answer, citing to *Panhandle Eastern Pipe Line Co. v. Brecheisen*, 323 F.2d 79 (10th Cir. 1963), for support. But *Brecheisen* no longer presents the current law regarding waiver of an affirmative defense. As explained in *Fisher*, 298 Kan. at 494:

"K.S.A. 60-212 abolished the 'old distinction between general and special appearances' and now provides that a defendant only waives the defense of lack of personal jurisdiction by failing to assert the defense in a 60-212 motion or in the answer. In other words, a defendant retains the right to challenge personal jurisdiction up to the time that the defendant files his or her answer to the petition. [Citation omitted.]"

Here, Larned filed an answer that included a defense of insufficient service of process. Thus, this defense appears to have been preserved by Larned. Parenthetically, however, we note that Larned filed two motions to dismiss without raising the insufficient service of process defense prior to filing its answer which would normally act as a waiver. See

11

K.S.A. 2017 Supp. 60-212(h)(1) (failure to raise defense in prior motion to dismiss when able to acts as waiver of defense). However, Bunyard never raised this argument either before the district court or us, and we cannot make his arguments for him. See *State v. Gilbert*, 299 Kan. 797, 798, 326 P.3d 1060 (2014) ("Liberal rules of construction cannot transform the reality of a pleading's content or the arguments being advanced, even when a litigant is pro se.").

Bunyard also argues that entries of appearance by counsel for Larned equated to service of process under K.S.A. 2017 Supp. 60-303(e), which states: "An acknowledgment of service on the summons is equivalent to service. The voluntary appearance by a party is equivalent to service on the date of appearance." Notably, Larned's counsel, Lynch, requested and the district court granted her time to respond to Bunyard's original petition. However, in *Fisher*, our Supreme Court held that

> "the voluntary appearance by a party is the equivalent of service of process on that party as of the date of the appearance. But an appearance to request an extension of time in which to answer or respond to the petition is not a voluntary appearance that will equate to service of process." 298 Kan. 482, Syl. ¶ 5.

Thus, Lynch's request for extension of time to answer was not a voluntary appearance that could equate to service of process under K.S.A. 2017 Supp. 60-303(e).

As for Conrow, she did not request an extension of time to answer or respond to the amended petition when she entered her appearance. But Conrow's appearance does not equate to valid service of process either. As discussed in *Fisher*,

> "a lawsuit is not properly commenced until service of process is obtained and, except for an extension for good cause shown, that service must occur within 90 days of the filing of the petition for the commencement date to be deemed the filing date of the petition;

12

otherwise, the action is deemed commenced when service of process is completed. K.S.A. 60-203(a)." 298 Kan. at 493.

Assuming a two-year statute of limitations applies to all of Bunyard's tort claims, the district court did not err in concluding Conrow's appearance did not equate to a valid service of process so as to timely commence a civil action under K.S.A. 2017 Supp. 60-203(a). Here, Bunyard claims the alleged torts occurred between July 10, 2014, and August 26, 2014. Bunyard filed his petition on June 13, 2016, and filed his amended petition on August 22, 2016. Larned did not challenge Bunyard's amendment to the petition, and Conrow entered her appearance as co-counsel on October 26, 2016. Accordingly, Conrow's entry of appearance could not equate to a valid service of process on Larned because it occurred outside the 90-day relation-back deadline for the commencement of the suit under K.S.A. 2017 Supp. 60-203(a) and beyond the assumed expiration of the two-year statute of limitations.

D.    *Bunyard substantially complied with the requirements for service of process.*

After amending his petition, Bunyard filed a return of service attesting that he served the attorney general on August 24, 2016, by certified mail with return receipt delivery. Because Bunyard alleges that his service of process occurred within 90 days of filing his petition, the commencement of his suit could relate back to the filing date under K.S.A. 2017 Supp. 60-203(a). Accordingly, we must examine whether Bunyard validly served process on Larned. Bunyard argues he validly served Larned through residential service on Larned and through certified mail with return receipt delivery on the attorney general.

Because KDADS is a state agency and the Secretary of KDADS has management and supervisory authority over Larned, Bunyard could not validly serve Larned residentially. See K.S.A. 2017 Supp. 75-5903(a) (Secretary of KDADS has authority to

administer state agency); K.S.A. 2017 Supp. 76-1305 (Secretary of KDADS has supervisory authority over Larned). Instead, he was required to serve Larned by serving the attorney general or an assistant attorney general. See K.S.A. 2017 Supp. 60-304(d)(5). Thus, the district court did not err in holding Bunyard's residential service on Larned was invalid.

Next, the district court held that Bunyard did not validly serve process on the attorney general by certified mail with return receipt delivery. Bunyard's return of service shows he addressed his certified mail item to the correct official at the official's governmental office as required by K.S.A. 2017 Supp. 60-304(d). But, as the district court found, Bunyard had no return receipt evidencing delivery to that address. K.S.A. 2017 Supp. 60-303(c)(1) expressly requires "a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery." K.S.A. 2017 Supp. 60-303(c)(4) requires the party to complete a return of service "[a]fter service and return of the return receipt," and, in relevant part, requires the return of service to "include a copy of the return receipt evidencing delivery." Based on these two statutory provisions, the district court did not err in concluding Bunyard's service on the attorney general by return receipt was invalid due to his lack of a return receipt evidencing delivery.

Nevertheless, Bunyard argues that because he was in substantial compliance with the service requirements in serving the attorney general by return receipt delivery, K.S.A. 2017 Supp. 60-204 should save his civil action. Notably, Larned does not dispute that it was made aware of Bunyard's lawsuit.

K.S.A. 2017 Supp. 60-204 states:

> "The methods of serving process set out in article 3 of this chapter constitute sufficient service of process in all civil actions and proceedings, but are alternatives to

14

and do not restrict different methods specifically provided by law. Substantial compliance with any method of serving process effects valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court that might affect the party or the party's status or property."

Our Supreme Court has held substantial compliance means "'compliance in respect to the essential matters necessary to assure every reasonable objective of the statute.'" *Fisher*, 298 Kan. at 490. An opposing party's awareness of a lawsuit does not affect the reviewing court's analysis. Instead, "K.S.A. 60-204's validation must emanate from the serving party's actions." 298 Kan. at 492. Thus, application of K.S.A. 2017 Supp. 60-204 depends on whether the party "substantially compl[ied] with the existing method of service." 298 Kan. at 491.

The issue of whether Bunyard substantially complied with serving process on the attorney general by return receipt delivery largely depends on a review of K.S.A. 2017 Supp. 60-303(c). The district court held that while Larned obtained notice of suit, Bunyard did not substantially comply with serving the attorney general by return receipt delivery because he had no return receipt evidencing delivery of a petition and summons.

A review of *Fisher* is helpful. There, Fisher presented evidence she served DeCarvalho at his business address and filed a return of service that included a certified mail receipt signed by Phyllis Bieker. The return of service did not indicate whether Bieker could accept service for DeCarvalho. At the time of *Fisher*, K.S.A. 60-304(a) required certain statutory prerequisites before a party could serve an individual at his or her business address by return receipt delivery and required the party to send the service of process to the individual's business address by certified mail with restricted delivery— meaning the package must state on its face it could only be delivered to the named addressee.

15

> "[T]he legislature intended that, where service is made on an individual by return receipt delivery to a business address, actual service on the defendant or his or her authorized agent is an essential matter that is necessary to assure the objective that the individual receive appropriate notice. The special requirement that the certified mail be sent by restricted delivery to a business address can mean nothing else." 298 Kan. at 491-92.

Our Supreme Court held Fisher did not substantially comply—even though she sent a summons and petition through certified mail to the correct address and a person signed for the certified mail at that address—because the statute required actual service on the individual or an authorized agent. 298 Kan. at 492.

The service of process statutes do not state who may accept service for the attorney general by return receipt delivery and do not require the party effecting service by return receipt delivery to use certified mail with restricted delivery. But K.S.A. 2017 Supp. 60-304(d)(5) also does not establish that an authorized agent may accept service on behalf of the attorney general or an assistant attorney general. Compare K.S.A. 2017 Supp. 60-304(d)(5) to K.S.A. 2017 Supp. 60-304(a) and (e); see also K.S.A. 2017 Supp. 60-306(a) ("An individual, partnership, association or corporation may appoint a resident of this state as service agent and consent that process may be served on the service agent as the agent of the individual, partnership, association or corporation."). In addition, the record does not establish that Crystal Moe, who according to Depew was authorized to receive "general mail," was appointed as an authorized agent pursuant to K.S.A. 2017 Supp. 60-306.

Here, while Bunyard lacked a formal return receipt evidencing the delivery of his certified mail item to the attorney general's governmental office, he produced USPS documents evidencing the delivery of his item. Together, the documents show Bunyard addressed his item to the attorney general at the official's governmental office with a 66612 zip code. His USPS documents also show the item was delivered to a different zip

16

code—a 66603, rather than the 66612 zip code—and that "C. Moe" signed for the item at the "AG's office."

The district court held the deputy attorney general's affidavit rebutted Bunyard's return of service asserting that he made service on the attorney general by return receipt delivery. The affidavit admits that an administrative employee, Crystal Moe, accepts the office's general mail and Bunyard's certified mail item was on its August 24, 2016 USPS list for tracked mail items. But the deputy attorney general stated that Bunyard's certified mail item was not received, in relevant part, because (1) the agency's USPS list lacked an internal routing notation next to Bunyard's item; (2) Moe's signature on a salmon-colored general receipt did not signal acceptance of the certified mail item; and (3) Bunyard lacked a green delivery receipt showing the certified mail was received by the Civil Litigation Department.

While it is a close call, we agree with Bunyard that he substantially complied with the service of process statutory requirements. Bunyard's documents support that he met most of the statutory requirements under K.S.A. 2017 Supp. 60-304(d)(5) and K.S.A. 2017 Supp. 60-303(c)(1) and (2). Bunyard gave the USPS—the entity effecting delivery—a prepaid certified mail item addressed to Attorney General Derek Schmidt at his governmental office for the purpose of "service of suit." Moreover, Bunyard attested to serving the attorney general on August 24, 2016, and that the return of service of summons was true and correct.

While Bunyard did not have a formal written return receipt evidencing delivery, it does not necessarily follow that a party cannot show substantial compliance without one. Bunyard's documents show that his certified mail item was delivered to a 66603 zip code and was signed for by "C. Moe" at the "AG's office." Moreover, Bunyard was prevented by the prison confining him from receiving the return receipt. Given these facts, we are unable to determine what else Bunyard could have done to further comply with the

17

service of process statutes. In light of Bunyard's particular circumstances and the fact that Larned does not dispute actual notice, we are persuaded that Bunyard substantially complied with service under K.S.A. 2017 Supp. 60-204 and that his service of the attorney general was valid. See *Spiess v. Meyers*, 483 F. Supp. 2d 1082, 1096 (D. Kan. 2007) (court ignored "the irregularities of plaintiff's service of process" and found service sufficient). The district court erred in holding otherwise.

The judgment of the district court dismissing Bunyard's petition on the grounds of insufficient service is reversed, and the case is remanded for further proceedings consistent with this opinion. Bunyard's request for 90 days to cure service under K.S.A. 2017 Supp. 60-203(b) is moot.

Reversed and remanded.