NOT DESIGNATED FOR PUBLICATION

No. 121,972

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TINENE BEAVER,
*Appellant*,

v.

KANSAS EMPLOYMENT SECURITY BOARD OF REVIEW,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; TERESA L. WATSON, judge. Opinion filed November 6, 2020. Affirmed.

*Tinene Beaver*, appellant pro se.

*Glenn Griffeth*, special assistant attorney general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., BUSER and POWELL, JJ.

PER CURIAM: This is a pro se appeal by Tinene Beaver of the district court's denial of her petition for review brought under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq. Beaver originally brought her petition because the Kansas Employment Security Board of Review (Board) denied her appeal which claimed the Kansas Department of Labor (KDOL) improperly disqualified her from receiving unemployment benefits for five years and inaccurately calculated the amount of overpayment she owed the agency. Upon our review, we find no error. Accordingly, we affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

On April 7, 2016, a KDOL audit notice was sent to Beaver advising her that "[a]n audit of your prior Unemployment Insurance benefits has been conducted comparing the wages you reported and the wages reported by the employer for the same weeks." The notice included the comparison document showing that KDOL had made weekly overpayments to Beaver totaling $1,136 (including penalty). Beaver was informed:

> "If you disagree with the employer's report, have the employer send us a letter of correction. You must respond within ten (10) days from the date of this letter. If you fail to respond, the information now on file will be considered to be correct and an overpayment will be set up which you will be required to pay."

Beaver was also apprised that under Kansas law, any false statement, representation, or failure to disclose a material fact in order to obtain unemployment benefits would result in disqualification of benefits for five years. Beaver did not respond within 10 days of the date of the audit notice letter.

On April 22, 2016, the KDOL examiner sent Beaver a determination notice stating that she had "willfully and knowingly failed to report employment and/or correct earnings while receiving unemployment benefits" which, under K.S.A. 2015 Supp. 44-706(g), disqualified her from receiving benefits for five years, beginning March 20, 2016. Additionally, Beaver was informed that she must repay the KDOL $1,136 for the overpayments made to her and a penalty. See K.S.A. 2015 Supp. 44-719; K.S.A. 2015 Supp. 44-706(g). Lastly, the determination notice also advised Beaver: "This determination becomes final sixteen (16) days after it is mailed, unless appealed in writing to the referee on or before the final date. . . . If you disagree with this determination, an appeal may be filed by letter stating you wish to file an appeal and the reason(s) you disagree with the decision." Beaver did not appeal in writing to the referee within 16 days of the determination notice.

2

In November and December 2016, Beaver made four payments towards reimbursing the KDOL for the overpayments. One year later, on December 18, 2017—19 months after the examiner's determination became final—Beaver filed an appeal with the referee in the KDOL Office of Appeals. In her one-sentence appeal, Beaver did not explain the reason for her untimeliness. She simply stated: "I Tinene Beaver Request an Appeal Hearing Due to Unemployment putting a [5-year] Suspense on my Social Security Account."

On December 27, 2017, the referee—the Chief of Appeals in the KDOL's Office of Appeals—issued a two-page decision affirming the examiner's determination and stating: "The examiner's determination is final, because the claimant failed to establish excusable neglect for filing an untimely appeal. The claimant is disqualified for unemployment insurance benefits beginning March 20, 2016 and ending March 27, 2021, because the claimant willfully and knowingly made false representations to receive benefits not due." The overpayment finding by the examiner was also affirmed. Beaver was advised that she had 16 days from December 27, 2017 to file an appeal to the Board.

On January 4, 2018, Beaver timely appealed the Chief of Appeals' decision to the Board. In her appeal, Beaver submitted a brief to the Board, but did not address the untimeliness of her appeal. The three-member Board issued its decision on February 2, 2018, affirming the examiner's determination. The Board held that Beaver's appeal "was not timely filed before the referee pursuant to the provisions of K.S.A. 2015 Supp. 44-709(c) of the Employment Security Law, which provides that an appeal must be filed within 16 days after the mailing of an examiner's determination." Moreover, the Board found that Beaver "has not demonstrated excusable neglect to warrant enlargement of time to file an appeal beyond the 16 days."

On February 9, 2018, Beaver filed a pro se petition for judicial review in the Shawnee County District Court. Judge Franklin Theis issued a memorandum opinion and

order on October 19, 2018. In his opinion, the district judge found that Beaver "does not contest her failure to timely appeal [the referee's decision] and has not asserted facts to establish excusable neglect for the failure." Moreover, the district judge found:

> "Even if the Court were to consider the underlying merits of her benefits denial initially, the Petitioner still could not prevail on the merits of the disqualification nor the monetary assessment made. . . . The Petitioner has the burden to prove the invalidity of the agency action, and fails to meet that burden. K.S.A. 77-621(a)(1)."

The district judge then addressed the question of whether Beaver had overpaid the refunds, noting that the Kansas Employment Security Act, K.S.A. 2019 Supp. 44-717(h), and the Kansas Setoff Act, K.S.A. 75-6214, provide remedies to a debtor of the agency to challenge the accountings made. The district judge referred Beaver's accounting claims "back to the [Board] for either disposition on the refund issues raised or its transfer to the Secretary of Labor for such. Either the board, or the KDOL, is directed to show cause why Ms. Beaver should not be refunded fees retained by the [setoff program]."

The Board responded to the district court's order, stating that the Board "and the agency as a whole are without any authority to resolve the issue and that the matter is not properly before the [district court]." The Board contended that the district court and the Board did not have jurisdiction to calculate or recalculate the balance on Beaver's overpayment account.

On July 31, 2019, Judge Theis issued a second order challenging the KDOL's claim that it lacked jurisdiction to recalculate Beaver's overpayment account. In this order, the district judge stated:

> "As before, the underlying issues of the propriety of the findings of Ms. Beaver's original lack of benefit entitlement, the assessment to her of an overpayment amount, and

4

penalty imposed of a five year bar on benefits is affirmed as [Ms.] Beaver's appeal of those issue was clearly untimely by any measure."

Still, the district judge noted Beaver received a notice on December 8, 2017, from another state agency, the Asset Recovery Unit of the Department of Administration, informing her she was not due any more refunds on her overpayment account. The district court found this notice was a final agency action subject to review under the KJRA and, again, remanded the case to the Board to recalculate the overpayment amount.

Following the retirement of Judge Theis, the case was assigned to Judge Teresa Watson who conducted a hearing on the matter on September 6, 2019. After the hearing, Judge Watson ruled:

"Here, the [Board] ruled on the only issue properly before it, namely the referee's decision that the examiner's determination finding [Beaver] disqualified from receiving unemployment insurance benefits was final because [Beaver] did not have excusable neglect for failing to untimely file her appeal. The [Board] lack[ed] the statutory authority to resolve an issue outside the scope of what was before the referee such as, in this case, a dispute pertaining to a debt setoff. Nor does it possess the authority to issue a mandate to the Secretary of Labor to resolve the matter."

Accordingly, the district court denied Beaver's petition for review as untimely, and without a showing of excusable neglect, affirmed the Board's decision, and relieved the Board from the orders of accounting relating to the setoff.

Beaver timely filed this pro se appeal.

ANALYSIS

In her appeal to our court, Beaver contends the KDOL failed to present sufficient evidence to prove the fraud claims against her. She also argues the actions of the KDOL violated various amendments to the United States and Kansas constitutions, and she reprises her complaints regarding setoff amounts.

Preliminarily, Beaver's appellate brief is fatally flawed. Beaver claims the Board improperly disqualified her from receiving unemployment benefits for five years and inaccurately calculated the amount of overpayment she owed the agency. But the district court did not rule on the *merits* of Beaver's petition for judicial review. Instead, the district court denied the petition because Beaver failed to appeal the examiner's determination notice within 16 days or provide a factual basis for excusable neglect. The subsequent affirmances of the examiner's determination by the referee, Board, and district court were based on Beaver's failure to comply with the statutory appellate procedure set forth in K.S.A. 2019 Supp. 44-709(b)(3), not the merits of her appeal. Moreover, regarding the setoff issue, Beaver does not address Judge Watson's ruling that the Board lacked statutory authority to resolve this issue because it was outside the purview of the examiner, referee, and Board.

As the party claiming the district court erred, Beaver has the burden of designating a record that affirmatively shows prejudicial error in the district court's ruling. *State v. Simmons*, 307 Kan. 38, 43, 405 P.3d 1190 (2017). Here, the district court's ruling was predicated on procedural grounds, not an examination of the merits of the petition. But Beaver does not argue or cite legal authority to show that the district court erred in denying her petition on procedural grounds. Without such a record, our court presumes the ruling of the district court was proper. 307 Kan. at 43.

6

Relying on the general rule that issues not briefed are waived and abandoned, Kansas courts have found that an appellant's failure to address the district court's procedural basis for its ruling while only addressing the merits of the underlying issue is a reason to deny appellate review. See *State v. Portsche*, No. 113,648, 2017 WL 129890 at *2-3 (Kan. App. 2017) (unpublished opinion) ("Portsche simply ignores the procedural basis for the district court's ruling and only discusses the propriety of the merits of his argument. . . . By not briefing why the district court's procedural ruling was in error, Portsche has waived and abandoned his first issue on appeal."); see also *State v. Denney*, No. 110,336, 2015 WL 326432, at *8 (Kan. App. 2015) (unpublished opinion); *Terra-Bentley II, L.L.C. v. Village of Overland Pointe, L.L.C.*, No. 101,957, 2014 WL 2619372, at *6-7 (Kan. App. 2014) (unpublished opinion).

We hold that because Beaver has not claimed or briefed error regarding the district court's procedural ruling affirming the decision of the Board, she has waived or abandoned this appeal. Although Beaver has not challenged the district court's procedural ruling, for the sake of completeness we will review whether the district court properly denied Beaver's petition for review.

Beaver's petition for judicial review is brought under the KJRA, K.S.A. 77-601 et seq. The KJRA defines the scope of judicial review of actions taken by state agencies or boards. K.S.A. 77-603(a). Any party to an agency or board action before a district court under the KJRA may appeal the district court's decision. K.S.A. 77-623. Appellate courts exercise the same statutorily limited review of the agency's action as does the district court, as though the appeal had been made directly to the appellate court. *In re Tax Appeal of Fleet*, 293 Kan. 768, 776, 272 P.3d 583 (2012); *Carlson Auction Service, Inc. v. Kansas Corporation Comm'n*, 55 Kan. App. 2d 345, 349, 413 P.3d 448 (2018). On appeal, the burden of proving the invalidity of the action taken by an agency or board rests on the party asserting such invalidity—in this case, Beaver. K.S.A. 77-621(a)(1); *Milanos, Inc. v. Kansa Dept. of Labor*, 296 Kan. 497, 500, 293 P.3d 707 (2013).

In reviewing the district court's factual findings, our court considers whether the findings are supported by substantial evidence when viewed in light of the record as a whole. See K.S.A. 77-621(c)(7); *Sierra Club v. Moser*, 298 Kan. 22, 62-63, 310 P.3d 360 (2013). Our court does not reweigh the evidence or engage in de novo review. K.S.A. 77-621(d). However, our court's review of questions of law is unlimited. *Douglas v. Ad Astra Information Systems*, 296 Kan. 552, 559, 293 P.3d 723 (2013).

The Board is an entity established by statute, K.S.A. 2019 Supp. 44-709(f)(1). As created, it is a quasi-appellate body with circumscribed enumerated powers. Its purpose is to review decisions made by unemployment insurance referees under K.S.A. 2019 Supp. 44-709(f)(7) and formulate procedures whereby claims, appeals, and hearings are conducted in keeping with K.S.A. 2019 Supp. 44-709(g). Of note, K.S.A. 2019 Supp. 44-709(d) mandates the Secretary of Labor to appoint one or more referees to hear and decide disputed unemployment insurance benefit claims.

Under K.S.A. 2019 Supp. 44-709(b)(3), when an examiner issues a determination regarding a claim for unemployment benefits, a claimant may file an appeal before the referee. The referee is required to issue a decision resolving the dispute. K.S.A. 2019 Supp. 44-709(c). Under K.S.A. 2019 Supp. 44-709(b)(3), an appeal from an examiner's determination must be filed within 16 calendar days of the mailing date. Absent an appeal, the determination becomes "final." K.S.A. 2019 Supp. 44-709(b)(3). It is undisputed that Beaver did not file an appeal with the referee within the statutory time period. As a result, the examiner's determination was final.

The 16-day time period, however, "may be waived or extended by the referee or board of review if a timely response was impossible due to excusable neglect." K.S.A. 2019 Supp. 44-709(b)(3). Here, Beaver appealed to the referee 19 months after the examiner's determination was final. But in her appeal to the referee, Beaver did not claim a timely response was impossible due to excusable neglect.

8

The referee, the Chief of Appeals in the KDOL's Office of Appeals, affirmed the examiner's determination. The reason for the decision was that Beaver's "appeal was filed after the statutory deadline of sixteen (16) days. After reviewing the appeal request, it is clear that the claimant has not established excusable neglect for filing the appeal in an untimely manner. As such, the examiner's determination is final and will remain in force."

Beaver's appeal to the Board was similarly unavailing. Although Beaver submitted a brief, she did not address the untimeliness of her appeal of the examiner's determination or provide any basis to show her neglect was excusable. The Board's affirmance of the examiner's determination was a mirror-image of the referee's findings and conclusions, which were well supported by the record.

The burden to show excusable neglect is on the party seeking an extension of the time limitation. Excusable neglect must be determined on a case-by-case basis. *Jenkins v. Arnold*, 223 Kan. 298, 299, 573 P.2d 1013 (1978). Beaver proffered no basis for a finding of excusable neglect for her failure to timely file an appeal of the examiner's determination. Upon our review of the record on appeal, the referee's decision and the Board's affirmance was fully supported by substantial competent evidence. Moreover, we also conclude there is substantial competent evidence to support the decisions of Judge Theis and Judge Watson affirming the Board's decision based on Beaver's failure to timely appeal the examiner's determination or establish excusable neglect for this failure.

With regard to the setoff issue initially raised in Judge Theis' orders, Judge Watson concluded "the Board ruled on the only issue properly before it." Moreover, Judge Watson found the Board "lacks the statutory authority to resolve an issue outside of the scope of what was before the referee such as, in this case, a dispute pertaining to a debt setoff." This finding was not error.

9

As a statutorily created entity, the Board is charged solely with reviewing decisions of referees. See K.S.A. 2019 Supp. 44-709(f)(7). K.S.A. 2019 Supp. 44-709(f)(7) states, in pertinent part, that the Board, "on its own motion, may affirm, modify, or set aside any decision of a referee on the basis of the evidence previously submitted in the case; may direct the taking of additional evidence; or may permit any of the parties to initiate further appeal before it." The referee's decision in this case did not address setoffs.

Here, the Board ruled on the only issue before it—whether the referee properly affirmed the examiner's determination that Beaver untimely appealed and failed to establish excusable neglect. As a result, the Board lacked the authority to address the setoff dispute relating to Beaver's overpayment account because it was outside the scope of the issues presented to the referee and, therefore, the Board.

Finally, the setoff program is administered by the director of accounts and reports of a separate state agency—the Kansas Department of Administration—which assists state agencies in collecting debts due the agency. K.S.A. 75-6206(a). After a debt is certified, the director "shall then make . . . notification to the debtor" of, among other things, the debtor's right to request a hearing to contest the validity of the claim and a failure to request a hearing within 15 days "will be deemed a waiver of the opportunity to contest the claim causing final setoff by default." K.S.A. 75-6206(a)(3), (5).

The record shows Beaver received the notices required under K.S.A. 75-6206(a) several times. Nothing in the record suggests Beaver sought a hearing regarding these notices. Additionally, K.S.A. 75-6214(a), provides an alternative route for relief if a debtor alleges the setoff was improper, and chose not to have a hearing on the matter after receiving notice and less than two years has elapsed since the setoff occurred. Nothing in the record suggests Beaver made a request under this statute.

To reconsider the debt setoff and recalculate Beaver's overpayment account, Beaver was required to exhaust her administrative remedies under K.S.A. 75-6206 or K.S.A. 75-6214. That was not done in this case. Accordingly, Judge Watson did not err in concluding that the Board was not obligated to provide an accounting regarding Beaver's debt setoff claims.

Affirmed.

11